COYNE v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6504. Decided Jan. 11, 1926

327. COURTS—Municipalities have no authority to create a municipal or police court by provision in its charter.

Proceedings in a court so created are held for naught; and Common Pleas Court has no jurisdiction to hear proceedings in error and to remand cause for carrying sentence into execution.

SULLIVAN, J.

Edward Coyne was convicted for the offense of larceny in the Municipal Court of Cleveland Heights. He prosecuted error to the Cuyahoga Common Pleas, which court dismissed his petition in error and affirmed the Cleveland Heights Municipal Court.

Error was prosecuted to the Court of Appeals and it was claimed that at the time of sentence there was no legally constituted municipal court in Cleveland Heights.

The Court of Appeals held:

1. If there were no such office or officer, the Common Pleas Court, when it dismissed Coyne's petition in error, committed error.

2. Under Article I of the Ohio Constitution, no other courts than those mentioned therein, can be created without an act of the Legislature.

3. Municipalities have no power by charter or otherwise to establish courts or appoint judges.

4. Cleveland Heights in its charter, created a Police Court; and this provision is the only authority for the court exercising judicial power during the proceedings in respect to the instant case.

5. A municipal court was subsequently created by legislative enactment.

6. There was no authority on part of the Common Pleas Court to remand the cause to the Heights Municipal Court to carry the sentence into execution because there was no court, no office and no officer created by the constitution.

7. The Common Pleas Court was without jurisdiction to hear the case on error and had no authority to remand the case to a court which was not in existence.

Coyne discharged.

Attorneys—W. C. Boyle & Simmons, De-Witt & Villas for Coyne; Friebolin & Byers for State; all of Cleveland.

No. 563

HARDIN MORTGAGE CO. v. DAUB et

Ohio Appeals, 6th Dist., Sandusky Co.

No. 163. Decided Mar. 29, 1926

997. REAL ESTATE—Where land is sold, oil and gas lease royalties, when not reserved at the time of the sale, pass with the land to the purchaser.

YOUNG, J.

This proceeding is here on appeal from a confirmation of sale of property, originally begun in the Sandusky Common Pleas. The land in question was originally owned by Micheal Daub father of Phillip Daub, who is a party to this action. About 1913 several oil wells on the land were leased to the Pemberton Oil Co., the lessor Micheal Daub reserving a royalty of 1/6 of all oil produced.

After Micheal Daub's death Phillip Daub and a sister Cora Bowlus became owners by the will of Micheal Daub of the property, but no mention was made of the oil royalty. In 1923 Cora Bowlus executed a deed of ½ undivided interest to Hardin Mortgage Co. In partition proceedings brought by the Mortgage Co., the court ordered the land sold and a deed was made and executed to one Flechtner by the sheriff.

At the time of the confirmation of the sale the court gave the oil and gas leases and the royalties therefrom to the Mortgage Co., and Daub, to which Flechtner excepts, contending that as he is the purchaser of the land he is entitled to all interest in the remaining gas and oil brought to the surface.

The question presented is—Does such oil and gas rights pass with the land when there is no reservation or exemption made of royalty interests therein?

The Court of Appeals held:

1. The court thinks that such gas and oil as remains in the ground after a sale where no reservation is made goes with the land.

2. In this case the sale was confirmed and a deed executed and being a sale of real estate that gas and oil unproduced, passes with the land to the purchaser.
the land and the purchaser.

Decree accordingly.

WILLIAMS, J., concurs.

RICHARDS, J., dissenting. It is my opinion that a person cannot accept as much of a confirmation of a sale as is of benefit to him and appeal the remainder. Therefore the motion to dismiss the appeal should be granted.

Attorneys—C. W. Faulkner of Kenton for The Mortgage Co.; and Taber, Chittenden, Northup & Daniels, of Toledo, W. J. Mead and H. C. DeRan of Fremont for Daub et al.