## MURPHY v JACKSON

Ohio Appeals, 9th Dist, Summit Co

No 2280.   Decided March 23, 1934

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiff in error.
Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

of principal and agent gives rise to a fiduciary relationship, and that this, coupled with the fact that the pleadings show a long and complicated series of dealings between the parties, covering a period of seven years, wherein the transactions were exceedingly numerous, makes a case for the consideration of a court of equity in an accounting suit.

Let us first consider whether or not the mere relation of principal and agent, in and of itself, does give rise to a fiduciary relationship.

5 Pomeroy's Equity Jurisprudence (2nd ed.), §2359 (§932), pp. 5218 and 5219, states the following:

"The principal difficulty is in determining in what cases equity will take jurisdiction of an accounting between principal and agent. 'The mere relation of principal and agent, without more,—the relation not being really fiduciary in its nature, and no obstacle intervening to a recovery at law,— is insufficient to enable a principal to maintain the action against his agent. But where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction'."

In the instant case, if we assume that a confidence was reposed by the principal in the agent, can it be said that the matters for which an accounting was sought were peculiarly within the knowledge of the agent?

We think not. All of the records showing the dealings of the agent were in the possession of the principal, and the audit must have disclosed what, if any, amounts were owing from the agent to the principal. An action at law for the amount so disclosed would then have presented and disposed of the only question presented—i.e., what, if anything, was owing from the agent to the principal.

The theory that, because of the fact that the items are numerous, and would be difficult of comprehension by a jury, an equitable issue is presented, has long since been exploded in Ohio.

The Willson Improvement Co. v Malone, 78 Oh St 232, overruling Black, Rec., v Boyd, 50 Oh St 46.

The petition herein, stripped of its surplusage, contains merely a prayer for a money judgment, after the proper amount of said judgment is ascertained by an equitable accounting.

If all that is sought is to ascertain the

## OPINION

By STEVENS, J.

Of necessity, it must first be observed that the relationship existing between plaintiff and defendant was that of principal and agent.

It is urged by plaintiff that the relation

amount due and recover a judgment therefor, the action is one at law and not in equity.

Harlow v Hoehn, 17 C.C. (N.S.) 484, 42 O.C.C. 240.

1 O. J., "Accounts and Accounting," §26, p. 205.

The Supreme Court of this state, in the case of **Complete Building Show Co. v Albertson**, 99 Oh St 11, has said:

"2. An action for the recovery of money as a debt or as damages is essentially an action at law and, where no fiduciary or trust relation exists between the parties, cannot be converted into a suit in chancery for an accounting by averments that facts relative to plaintiff's claim and the extent of his damages are not known to plaintiff but are within the knowledge of the defendant."

The claim of the plaintiff below, when reduced to its substance, is, that the defendant received monies belonging to the association, for which he promised to account; that he has not so accounted; and for his failure so to do, she asks to recover a money judgment against defendant for the amount so received.

No basis for the intervention of a court of equity having been shown, it is our conclusion that the issue presented was essentially one for consideration in an action at law, and that the trial court erred when it compelled defendant, over his objection and exception, to proceed as in a chancery suit for an accounting.

For that error the judgment is reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.