**HECKLER CO v NAPOLEON (village) et**

Ohio Appeals, 3rd Dist, Henry Co

Decided March 20, 1937

George A. Meekison, Napoleon, David Meekison, Napoleon, and Otto W. Hess, Napoleon, for plaintiff.

James Donovan, Jr., Napoleon, Lawrence C. Warden, Napoleon, J. C. Williamson, Napoleon, Squire, Sanders & Dempsey, Cleveland, and Theo. Daman, Napoleon, for defendants.

**OPINION**

By KLINGER, J.

On January 16, 1933, The Heckler Company filed its petition in the Common Pleas Court of Henry County, Ohio, in which, in substance, it alleged that it was the owner of a parcel of land in the village of Napoleon, situated on the south side of Perry Street and located just south of the bed formerly occupied by the Miami and Erie Canal; that said premises, prior to the time referred to in the petition, were and still are improved with a two-story brick industrial mercantile building; that the building was built in accordance to the established grade of said street theretofore established by said village of Napoleon, and said building was constructed by this plaintiff and at the time of its construction bounded and abutted on South Perry Street and depended on South Perry Street for ingress and egress to said building; that in April, 1932, the village of Napoleon changed or permitted a change of the established grade of South Perry Street where said street abutted the premises of the plaintiff, to a depth of more than twenty-six inches; that this changing of the grade of the street has impaired ingress and egress to said premises and building and

caused surface water from the street and sidewalks to run into said building, impairing the walls and footings of the building and claims damages in the sum of ten thousand dollars.

The incorporated village of Napoleon demurred to the petition which demurrer was overruled, and then filed answer and a second amended answer.

To this second amended answer plaintiff filed a reply.

The case was assigned for trial. A motion supported by affidavits, was interposed asking for a change of venue pursuant to the provisions of §11415, GC, and on March 5, 1936, the following order was made in the Common Pleas Court of Henry County, Ohio, by Judge A. V. Bauman who had been assigned to hear the case.

"On motion of plaintiff and for good cause shown it is ordered that the venue of the trial of this cause be changed to the adjoining county of Wood. Exceptions are noted by the defendant. Date of trial set for April 20, 1936. It is further ordered that the Clerk of the Common Pleas Court transmit all original papers to the clerk of the Common Pleas Court of Wood County, Ohio, and notify all counsel of this trial."

The certificate of the clerk of the Common Pleas Court of Henry County was affixed to the journal entry granting change of venue and said certified entry and the original papers in said action were received in the office of the clerk of the Common Pleas Court of Wood County, Ohio, by transmission from the clerk of the Common Pleas Court of Henry County, Ohio on the .... day of October, 1936; and said journal entry was recorded in Volume 78 at page 277 of the Common Pleas Court of Wood County.

There are no docket entries in said action in the Common Pleas Court of Wood County.

Henry County from which the venue of the trial was changed, is situated in this the third appellate district, and Wood County to which the venue of the trial was changed, is situated in the sixth appellate district.

The trial of the cause was continued until October 26, 1936, at which time the cause came on to be tried before a court and jury in the Common Pleas Court of Wood County, and on October 28, 1936, the jury returned a verdict in favor of the plaintiff against the incorporated village of Napoleon in the sum of five thousand dollars.

This verdict originally had a printed caption reading "Court of Common Pleas of Wood County" but the word "Wood" had been stricken out and the word "Henry" in pen and ink inserted in its place. The verdict bears a filing mark of the Common Pleas Court of Wood County under date of October 28, 1936. The entry covering the rendition of the verdict is captioned "Court of Common Pleas of Henry County, Ohio" and bears a filing mark of the Common Pleas Court of Henry County under date of November 19, and a filing mark of the Common Pleas Court of Wood County under date of November 21, 1936. This entry is signed by the trial judge and bears the written approval of the attorneys for the plaintiff and is recorded in Journal 33 at page 331 of the Common Pleas Court of Henry County and is also recorded in Journal 78, page 321 of the Common Pleas Court of Wood County.

On October 30, 1936, the incorporated village of Napoleon filed its motion for judgment non obstante veredicto, which is captioned "In the Court of Common Pleas of Henry County, Ohio" and which bears the filing mark of the Common Pleas Court of Henry County of said date, but bears no filing mark of the Common Pleas Court of Wood County; and at the same time the said incorporated village of Napoleon filed its motion for a new trial of said action, captioned in the same manner and bearing a similar filing mark.

In a letter under date of November 10, 1936, addressed by the trial judge to the clerk of courts, Henry County, the clerk is directed to enter on the docket of the court in the case of Heckler Corporation v Village of Napoleon, the following:

"Motion for judgment non obstante veredicto is overruled on authority of the majority opinion of the Court of Appeals of this district in the instant case. Exceptions allowed."

"Motion for new trial is granted on ground of misconduct of counsel for plaintiff in persisting in offering and emphasizing immaterial evidence after the court had ruled against its admission and further in appealing to the passion and prejudices of the jury in argument, notably by stating 'This is all old Dan has got, etc." and in persisting in continuing argument along such line after counsel had been admonished by the court to desist, unless plaintiff shall consent to a remittitur of fifteen

hundred dollars, in which event the motion for new trial will be overruled and judgment entered for $3,500. Exceptions to aggrieved parties."

An entry overruling the motion for judgment non obstante veredicto conforming to said minutes and captioned "In the Court of Common Pleas of Henry County, Ohio" was filed in the Common Pleas Court of Wood County on November 18, 1936, and in the Common Pleas Court of Henry County on November 20, 1936, and entered in the journals of both courts.

An entry overruling the motion for new trial and rendering judgment on the verdict in favor of The Heckler Company and against the village of Napoleon for the sum of thirty five hundred dollars and costs, on plaintiff in open court consenting to remittitur, in conformity with the provision of said minutes and captioned "In the Court of Common Pleas of Wood County, Ohio, on change of venue from the Court of Common Pleas of Henry County, Ohio," was filed in the Common Pleas Court of Wood County on November 18 and in the Common Pleas Court of Henry County on November 20, 1936, which entry was recorded in the journals of both courts.

Under date of November 20th the incorporated village of Napoleon filed its notice of appeal in the Common Pleas Court of Henry County, Ohio, which notice is in the words and figures following, to-wi:

"In the Court of Common Pleas of Henry County, Ohio. The Heckler Company, Appellee v The Incorporated Village of Napoleon, Ohio et, Appellants. Number 12520. Notice of Appeal on Behalf of the Village of Napoleon, Ohio.

"The defendant, the Incorporated Village of Napoleon, Ohio, hereby gives notice of appeal to the Court of Appeals of Henry County, Ohio, from a judgment rendered by the Common Pleas Court of Henry County, Ohio, on the 18th day of November, 1936, in favor of The Heckler Company and against the village of Napoleon, Ohio. Said appeal is on questions of law."

This notice does not bear any filing mark of the Common Pleas Court of Wood County.

A transcript of the docket and journal entries and original papers in said cause in the Common Pleas Court of Henry County were filed in this Court of Appeals on November 28, 1936. On December 3, 1936, an entry was filed in this Court of Appeals approved in writing by the attorneys for all the parties, reciting that "On this 3rd day of December all parties to this cause consenting thereto, it is considered, ordered, adjudged and decreed that Reconstruction Finance Corporation be and it is hereby dismissed as a party of this cause, and without costs."

Appellant's assignments of error were filed in this court on January 16, 1937.

The Heckler Company filed its motion in this court to dismiss the appeal on the ground that this cause was tried on change of venue in the Common Pleas Court of Wood County and no right of appeal exists under the laws of Ohio to prosecute an appeal from a cause tried in the Common Pleas Court of Wood County, to the Court of Appeals of Henry County.

On the record and papers in this cause the following questions are presented by the motion to dismiss:

1. Does the change of place of trial under the provisions of §11415, GC, contemplate a complete disposition of the entire controversy including the rendition of final judgment in the Common Pleas Court to which the place of trial is changed, and the review of such judgment in the Court of Appeals having jurisdiction to review judgments of the Common Pleas Court to which the cause is transferred?

2. If this Court of Appeals is without jurisdiction to review the judgment entered on the verdict in the Common Pleas Court of Wood County on change of venue from the Common Pleas Court of Henry County, did the action of the parties in invoking the jurisdiction of this court to dismiss a party to the cause on appeal in this court, vest jurisdiction in this court of such appeal?

These questions will be considered in the order mentioned.

Sec 11415, GC, under which the change of venue of the trial was made, provides:

"When it appears to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may change the place of trial to some adjoining county."

Sec 11416, GC, provides:

"When a corporation having more than fifty stockholders is a party to an action pending in a county in which the corporation keeps its principal office or transacts its principal business, if the opposite party makes affidavit that he cannot, as he believes, have a fair and impartial trial in

that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties."

### Sec 11417, GC, provides:

"In all civil actions in which the venue is changed, the clerk of the county to which such action has been sent, upon its termination in the court or courts of his county, shall make a full itemized bill of all costs and expenses of such action which have been paid out of the county treasury of the county to which it was changed, according to law, and certify such bill of costs and expenses to the auditor of the county from which such action was sent."

Venue is defined as "The place from which a jury is taken, and where the trial is held in an action." Webster's International Dictionary, Second Edition.

The phrase "place of trial" used in §11415 GC is therefore identical in meaning with the word "venue" as used in §§11416 and 11417, GC, and is also identical in meaning with the phrase "venue of trial" as used in the order of the Common Pleas Court of Henry County, Ohio, changing the "venue of trial."

Sec 11376, GC, defines "trial" in the following language:

"Trial is a judicial examination of the issues whether of law or fact in an action or proceeding."

Secs 11415, 11416 and 11417, GC above mentioned, are in pari materia, and reading these sections together it is clear that by the use of the phrase "court or courts" in §11417 GC, both a trial and review in the courts of the county to which a change in the place of trial is made under the provisions of §11415, GC, is contemplated, as under said §11415 GC the change is made from the Common Pleas Court of one county to the Common Pleas Court of another county and costs and expenses of the action could accrue in another court of the county to which the transfer is made only in case of the review by a court of the county of the judgment of the Common Pleas Court of the county to which the cause is transferred.

This construction of the sections mentioned conforms to the general rule stated in 67 Corpus Juris at pages 213 and 214, as follows:

"Where the change of venue has been properly made, the court to which the change is taken is invested with jurisdiction of the cause which is as full and complete as if the action had been brought in that court. So it may make any order or ruling that could have been made had the action been so brought and render any judgment which might have been rendered by the court in which the action originated."

We therefore hold that the Common Pleas Court of Wood County on the order of the change of venue of the trial of the cause to it from the Common Pleas Court of Henry County, was invested with jurisdiction of the cause as fully and completely as if the action had been brought in the Common Pleas Court of Wood County, and had jurisdiction to render the judgment that was rendered therein; and that an appeal would lie from said judgment to the Court of Appeals having jurisdiction to review the judgments of the Common Pleas Court of Wood County.

Sec 6, Article IV, of the Constitution of Ohio, after providing that the state shall be divided into appellate districts, and for the creation of a Court of Appeals for each of such districts, further provides that "The Courts of Appeals shall have appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Common Pleas Courts, Superior Courts, and other courts of record within the district as may be provided by law;" and §12223-27, GC, carrying into effect this constitutional provision, provides: "A judgment rendered or final order made by a Common Pleas Court, a Probate Court, or by any other court of record or by a judge of any of such courts, may be reversed, vacated, or modified upon an appeal upon questions of law by the Court of Appeals having jurisdiction in the county where the Common Pleas Court, or other court of record is located, for errors appearing on the record."

Under this constitutional provision, as well as the statutory provision, the jurisdiction of the Court of Appeals to review, affirm, modify or reverse judgments of the Common Pleas Court is limited to Common Pleas Courts within the appellate district.

As hereinbefore mentioned, Wood County

is not situated within the appellate district over which this court has jurisdiction and consequently this court is without jurisdiction to review, affirm, modify or reverse a judgment of the Common Pleas Court of Wood County.

While certain entries in the case at bar were captioned "In the Common Pleas Court of Henry County" and were filed in said court and recorded on the journal thereof, and the entry of the final judgment captioned "In the Court of Common Pleas of Wood County on change of venue from the Court of Common Pleas of Henry County" was filed in said court and entered on the journal thereof, the entries journalized in both courts show the change of venue from the Common Pleas Court of Henry County to the Common Pleas Court of Wood County, and the entries filed and journalized in the Common Pleas Court of Wood County show the exercise of the jurisdiction of that court on the change of venue, including the return of a verdict by a jury of that court and the rendition of the final judgment in that court.

The change of venue to and the exercise of jurisdiction by the Common Pleas Court of Wood County, for the reasons hereinbefore mentioned, excluded the Common Pleas Court of Henry County from exercising any jurisdiction in said cause subsequent to the consummated change of venue to the Common Pleas Court of Wood County. The captioning, filing and recording of such entries therefore ▮▮▮ neither conferred jurisdiction on the Common Pleas Court of Henry County in said cause subsequent to the consummation of such change of venue nor constituted an exercise of jurisdiction by it, and have no legal effect and are null and void, and the judgment rendered in the cause is the judgment of the Common Pleas Court of Wood County. The change of venue having been consummated, trial had and judgment entered in the Common Pleas Court of Wood County pursuant to law, this court is without jurisdiction to review said judgment.

2. As this court under the constitution is without jurisdiction of the subject matter of the review of a judgment of the Common Pleas Court of Wood ▮▮▮ County, such jurisdiction could not be conferred by the acquiescence or consent of the parties. So that the entry of December 3, 1936, and the conduct of the parties with reference thereto did not confer jurisdiction on this court.

For the reasons mentioned, this court is without jurisdiction of the subject matter of the appeal and the motion to dismiss the appeal will therefore be sustained at costs of appellant.

GUERNSEY, PJ, and CROW, J, concur.