THE STATE OF OHIO *v.* VEAL.

(No. 77-TR-C-871—Decided April 21, 1977.)

Wadsworth Municipal Court.

*Mr. Norman E. Brague,* city solicitor, for plaintiff.
*Mr. Gregory W. Happ,* for defendant.

HENSAL, J.  It is alleged that defendant did, on December 31, 1976, at approximately 11:45 a. m., operate a motor vehicle on Interstate 76 in the Township of Guilford, Medina County, Ohio, while under the influence of alcohol in violation of R. C. 4511.19.  The original copy of the uniform traffic ticket charging the offense was filed by the arresting officer with the Medina Municipal Court at approximately 8:39 a. m. on January 3, 1977.

Multitudinous motions, demands, and pleadings (including a petition for a writ of prohibition to the Supreme Court of Ohio) were filed by defendant subsequent to his January 5, 1977, arraignment.  One such motion asserted that the Medina Municipal Court lacked jurisdiction over the subject matter of the action and over the person of defendant by reason of R. C. 1901.02.

R. C. 1901.02 provides, in material part, as follows:

"Beginning January 1, 1977, the Medina Municipal Court has jurisdiction within the municipal corporations of Briarwood Beach, Brunswick, Chippewa-on-the-Lake, Lodi, Medina, and Spencer, and within the townships of Brunswick, Chatham, Granger, Hinckley, Lafayette, Litchfield, Liverpool, Medina, Montville, Spencer and York in Medina county. Through December 31, 1976, the Medina Municipal Court has jurisdiction within Medina County, except in Wadsworth Township and except within the municipal corporation of Wadsworth.

"* * *

"Beginning January 1, 1977, the Wadsworth Municipal Court has jurisdiction within the municipal corporations of Gloria, Glens Park, Seville, and Westfield Center, within the townships of Harrisville except the municipal corporation of Lodi, and within the townships of *Guilford,* Homer, Sharon, Wadsworth, and Westfield in Medina County." * * * (Emphasis added.)[1]

Finding that it was, effective January 1, 1977, without jurisdiction over matters arising in Guilford Township, the Medina court ordered the within cause transferred to this court for further proceedings consistent with law.

After summons on complaint was issued from this court, defendant filed a motion to dismiss asserting, *inter alia,* that the Wadsworth Municipal Court is without jurisdiction over offenses allegedly committed in Guilford Township prior to January 1, 1977.[2]

Since the context in which the issue of jurisdiction is raised appears somewhat unique, it is not surprising that

---

[1]Prior to January 1, 1977, the Medina Municipal Court had territorial jurisdiction over the entire county of Medina except for Wadsworth Township and the municipal corporation of Wadsworth which were then served by the Medina County Court, Wadsworth District.

[2]Commenting without deciding: it would seem that, had the arresting officer filed the charging document with the Medina Municipal Court before midnight on December 31, 1976, jurisdiction would have been properly perfected there and the case, therefore, not subject to dismissal or transfer for want thereof.

most of the case law cited by both the prosecution and defense is inapposite.

The prosecution relies on cases which speak generally to the jurisdictional issues arising from legislative enactments creating new counties in which courts of general jurisdiction analogous to our Courts of Common Pleas were to function. *People* v. *Stokes* (1894), 103 Cal. 193, 37 P. 207; *Pope* v. *State* (1906), 124 Ga. 801, 53 S. E. 384; *Commonwealth* v. *Meadows* (1912), 149 Ky. 769, 149 S. W. 1005. They are, therefore, not dispositive of the jurisdictional issues raised by the creation of a statutory trial court within the state of Ohio.

Defendant directs the attention of the court to: *Moore* v. *Starks* (1853), 1 Ohio St. 369; *In re Hartman Trust* (1939), 29 Ohio Law Abs. 67; *Heckler Co.* v. *Napoleon* (1937), 56 Ohio App. 110; *In re Wolfe* (1962), 91 Ohio Law Abs. 167; and *Coyne* v. *State* (1926), 22 Ohio App. 462, none of which is terribly helpful except perhaps *Coyne* v. *State, Id.*

It appears from the *Coyne* case that the municipal corporation of Cleveland Heights, sometime in 1922 and without prior action by the Ohio General Assembly, created a municipal or police court pursuant to Article 6 of its charter. Defendant (plaintiff in error) was tried, convicted and sentenced therein for the offense of larceny. The case was appealed to the Cuyahoga County Court of Common Pleas which found error and remanded. The Court of Appeals for Cuyahoga County, noting that there was no legislative basis for the police court, reversed the Court of Common Pleas holding that no reviewing court can entertain an appeal from, or order the remand of, a nullity. The proceedings were held for naught because the trial court, a statutory court by nature, had not been created by state statute, and was, therefore, without authority to act. There was, in fact and in law, no court at all.

The principle urged by this case is that every statutory court must necessarily be guided in the exercise of its territorial and subject matter jurisdiction exclusively and entirely by state statute.

R. C. 1901.02, which created this court, clearly provides that the jurisdiction of the Wadsworth Municipal Court over the township of Guilford is to begin on January 1, 1977. This court did not exist on any date prior to the date upon which the General Assembly mandated its jurisdiction should begin.

Defendant's position is further supported by R. C. 1.48 which provides that: "A statute is presumed to be prospective in its operation unless expressly made retrospective."

The court finds, therefore, that R. C. 1901.02 is a statute within the meaning of R. C. 1.48; that there is no statutory "savings clause" exempting R. C. 1901.02 from the operation of R. C. 1.48; and that, by reason thereof, this court is without jurisdiction to consider criminal matters arising within the township of Guilford prior to the 1st day of January, 1977.

Defendant further maintains that the Medina Municipal Court, having found itself without jurisdiction, was without authority to order a transfer. The soundness of that proposition is of no moment to this court. Whether the transferring court's pronouncement regarding its own jurisdiction is final or subject to collateral attack by this court is not an issue here.

This court, having found itself without jurisdiction, makes no further rulings save this: The Medina Municipal Court's transfer order mandates that this court must, regardless of the outcome of the case herein, collect those costs due and owing the transferring court. Such an order cannot be obeyed. Again, without jurisdiction, this court is powerless to assess or to collect costs herein. *Rothwell* v. *Winterstein* (1884), 42 Ohio St. 249; *Moore* v. *Boyer* (1884), 42 Ohio St. 312.

In consideration of the foregoing, the court ORDERS that the within case be dismissed and that defendant be and hereby is released and discharged free of bond.

*Case dismissed.*