## Davis v. Bernhart
### [Cite as 8 AOA 339]

*Case No. 57454*
*Cuyahoga County, (8th)*
*Decided November 21, 1990*

*Arthur E. Dombeck, Landskroner & Phillips Co., LPA, 75 Public Square, 11th Floor, Cleveland, Ohio 44113, for Plaintiff Appellant.*

*James Micheli, 2806 Bell Street, P.O. Box 2687, Zanesville, Ohio 43702, for Defendant-Appellee.*

NAHRA, J.

This is an appeal of the court of common pleas of Cuyahoga County"s ruling on motion for a change of venue.

On April 18, 1986, Marcia Davis, plaintiff-appellant, brought a claim in the Belmont County Court of Common Pleas based on the alleged negligent medical treatment of appellant's decedent, Virginia Thompson, at the East Ohio Regional Hospital, which is located in Belmont County. The cause was submitted to arbitration in Belmont County, Ohio. The Belmont County Court of Common Pleas adopted the arbitration decision which deemed William Bernhart, M.D., appellee herein, not liable.

On December 3, 1987, Davis dismissed her complaint voluntarily in Belmont County pursuant to Ohio Civ. R. 41. Davis refiled the action in the Cuyahoga County Court of Common Pleas upon learning that Bernhart had moved and resided in Cuyahoga County where he was practicing medicine. Bernhart filed a motion for change of venue back to Belmont County which was granted by the Cuyahoga County Common Pleas Court. At the time of the transfer, Davis attempted to appeal the decision on the change of venue. However, this court denied the appeal insofar as a decision with respect to venue is interlocutory in nature and not a final appealable order. Davis reached a settlement with all defendants other than Bernhart prior to trial. On February 24, 1989, the Belmont County Court of Common Pleas granted summary judgment in favor of Bernhart. The Belmont County Court of Appeals affirmed the lower court's decision with respect to summary judgment.[1]

Davis brings this appeal with respect to the Cuyahoga County Court of Common Pleas' ruling transferring the venue of this case to Belmont County.

Appellant's sole assignment of error states:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR CHANGE OF VENUE."

The court to which venue is transferred retains jurisdiction concerning all aspects of the cause of action brought in that court. *Heckler Co. v. Napoleon* (1937), 56 Ohio App. 110, 10 N.E.2d 32, dismissed for want of a debatable constitutional question (1937), 132 Ohio St. 528, 9 N.E. 2d 287; *see State of Ohio, ex rel. Starner, v. Dehoff* (1985), 18 Ohio St. 3d 163, 480 N.E. 2d 449. Therefore, any alleged error brought on appeal by Davis should have been raised during her appeal before the Belmont County Court of Appeals.

Accordingly, we lack jurisdiction to review this matter.

Bernhart asserts that Davis' appeal is frivolous and that unnecessary attorney's fees and expenses have been incurred. We disagree. Civ. R. 3(G) provides that a party has a right to appeal an issue of venue. Our review of the record does not reveal that the appeal was brought frivolously, or in bad faith with a purpose of harassment. Therefore, we do not believe that an award of attorney's fees is warranted. App. R. 23.

Appellant's assignment of error is overruled. Accordingly, we affirm the judgment of the trial court.

PARRINO, J., concurs.

KRUPANSKY, P.J., concurs in judgment only.

Sitting by assignment, Judge Thomas J. Parrino, Retired, Eighth District Court of Appeals.

KRUPANSKY, P.J., concurring in judgment only.

Although I would affirm the decision of the trial court I do so for separate reasons than stated by the majority. The majority states that "the court to which venue is transferred retains jurisdiction to all aspects of the cause of action." *Heckler Co. v. Napoleon* (1937), 56 Ohio App. 110. However, *Heckler* involved an appeal on the merits of the case. The *Heckler* court held as follows:

"We therefore hold that the Court of Common Pleas of Wood county, on the order of the change of venue of the trial of the cause to it from the Court of Common Pleas of Henry county, was invested with jurisdiction of the cause as fully and completely as if the action had been brought in the Court of Common Pleas of Wood county, and had jurisdiction to render the judgment that was rendered therein; and that an appeal would lie from the judgment to the Court of Appeals having jurisdiction to review the judgments of the Court of Common Pleas of Wood county." *Heckler, supra,* at 118. The *Heckler* court quite properly determined that an appeals court of one county lacked jurisdiction to review a decision of a trial court from another county.

However, the appeal *sub judice* involves the decision by the Cuyahoga County Court of

Common Pleas to transfer venue to Belmont County.

This court has previously held as follows:
"Civ. R. 3(G) prohibits collateral attack upon an order solely on the ground of improper venue. The same rule specifically preserves the right to appeal from an error of the court regarding venue. Civ. R. 3(G) provides:

· "'The provisions of this rule relate to venue and are not jurisdictional. No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall *affect the right to appeal an error of court concerning* venue.'

"The Staff Notes to this rule make clear that orders involving venue are not subject to collateral attack, *but may be reviewed directly by way of appeal from final judgment:*

"'Rule 3(G) once again emphasizes the proposition that improper venue does not relate in any way to the power of a court to render a valid judgment. Venue is not jurisdictional or subject to collateral attack. However, an error of the court concerning venue may be subject to *direct appeal* at such time as there is a final appealable order.'" *State, ex rel. Allied Chem. Co., v. Aurelius* (1984), 16 Ohio App. 3d 69. (Emphasis added).

In the case *sub judice,* plaintiff was entitled to a direct appeal on the issue of venue. It would not be proper to allow the Court of Appeals for Belmont County to review a decisions of the Common Pleas Court of Cuyahoga County. This must be done only by the Court of Appeals of Cuyahoga County.

It would appear the underlying cause of the problem is that Ohio's Civ. R. 3 is modeled after the Federal Civ. R. 3. However, in Ohio, unlike in the Federal system, a change of venue is not a final appealable order. This creates an even more difficult situation than the one at bar. Ohio Civ. R. 3(G) allows a direct appeal on a change of venue. At the same time Ohio's Civ. R. 3(G) prohibits a collateral attack of a trial court's decision on the basis of venue. Simply stated, even if a party is victorious on its appeal based upon improper venue, it is a pyrrhic victory because the decision may not be collaterally attacked. A ruling on venue is considered to be interlocutory and not a final appealable order. Hence, pursuant to Civ. R. 54(B) an order granting a change of venue is not ripe

for appeal. Not until a final decision is rendered on the merits of the case may venue be appealed. However, at that time a finding of improper venue may not be used to challenge the trial court's decision on the merits, hence, the pyrrhic nature of the victory. It would appear, therefore, the better approach would be to consider venue as a final appealable order. In that way a party could obtain a direct appeal on the issue of venue that is both meaningful and from an appellate court of the same county.

Nevertheless, I would still affirm the decision of the trial court.

The action *sub judice* had originally been filed in the Belmont County Court of Common Pleas. Plaintiff subsequently dismissed her action pursuant to Civ. R. 41(A) and refiled in Cuyahoga County. The Cuyahoga County trial judge's journal entry granting a change of venue held as follows:

"Defendant's motion to transfer venue is granted. Plaintiff cannot obtain a choice of venue simply by use of a 41(A) dismissal and refiling. Such an action violates the spirit and intent of Superintendence Rule 4."

C.P. Sup. R. 4 provides in relevant part as follows:

"For the purpose of these rules, the individual assignment system is that system whereby, upon the filing in, or transfer to, a division of the court of a civil case, or upon arraignment in a criminal case, a case is immediately assigned by lot to a judge thereof, who thus becomes primarily responsible for the determination of every issue and proceeding in the case until its termination."

The Ohio Supreme Court has held as follows:

"1. The common-law doctrine of *forum non conveniens* is committed to the sound discretion of a court of general jurisdiction, and may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses. (*Mattone v. Argentina* [1931], 123 Ohio St. 393, 175 N.E. 603; *Hughes v. Scaffide* [1978], 53 Ohio St. 2d 85, 7 O.O. 3d 175, 372 N.E. 2d 598; and *State, ex rel. Consolidated Rail Corp., v. Gorman* [1982], 70 Ohio St. 2d 274, 24 O.O. 3d 362, 436 N.E. 2d 1357, distinguished.)"

"2. The doctrine of *forum non conveniens* is consistent, and does not conflict, with the intent or purpose of Civ. R. 3, relating to venue." *Chambers v. Merrell-Dow Pharmaceutical, Inc.* (1988), 35 Ohio St. 3d123, syllabus.

"The doctrine of *forum non conveniens* has, since its origination in Scotland in the early nineteenth century, become firmly entrenched in the common law of virtually every Anglo-American jurisdiction. "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507. The doctrine assumes that proper jurisdiction and proper venue lie in the court which plaintiff has chosen, *id.* at 504; cf. Ohio Civ. R. 3(D), and additionally presupposes the availability of another forum in which the defendant may be sued. "[T]he doctrine furnishes criteria for choice between them." *Gilbert, supra,* at 507.

"The criteria set forth in *Gilbert* and other United States Supreme Court decisions are to be applied flexibly, with each case turning on its own facts. *Williams v. Green Bay & Western Ry. Co.* (1946), 326 U.S. 549. These factors may be divided into the private interests of the litigants and factors of public interest involving the courts and citizens of the forum.

"The final aspect of the common-law doctrine is the applicable standard of review upon appeal from a *forum non conveniens* dismissal. 'The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. *Gilbert,* 330 U.S., at 511-512; *Koster,* 330 U.S., at 531. ***' *Reyo, supra,* at 257. *Id.* at 127."

In the base *sub judice,* the trial judge in Cuyahoga County apparently felt plaintiff was using the Rules of Civil Procedure to "judge shop" or "forum shop." This is clearly a "factor of public interest involving the courts." Plaintiff had already received an adverse ruling based upon an arbitration hearing of her claim in Belmont County and the trial judge apparently felt that plaintiff was trying to find a more favorable forum in which to bring her suit. It cannot be said the trial court in Cuyahoga County abused its

discretion in changing venue to Belmont County to eliminate forum shopping. Therefore, I would affirm the decision of the trial court to grant a change of venue.

---

[1] *Marcia Davis, etc. v. William Bernhart M.D.* (Dec. 29, 1989), Belmont App. No. 89-B-7, unreported.