OPINION
{¶ 1} This appeal is brought by defendant-appellants OHIC Insurance Company, State Farm Mutual Automobile Insurance Company and National Union Fire Insurance Company from the judgments of the Court of Common Pleas, Hancock County granting summary judgment to plaintiffs Gregory and Jane Roy against each appellant respectively. Appellants further appeal the order of the trial court entitling the Roys to primary, pro-rata uninsured/underinsured motorist coverage from four separate insurance policies issued by the appellants collectively.
 {¶ 2} The events leading to this appeal are as follows. On May 21, 1999, Gregory Roy, while riding his privately owned motorcycle, sustained serious injuries when he was struck by an automobile driven by Joshua Plageman. On May 2, 2000, Roy and his wife Jane, hereinafter the Roys, filed suit in the Hancock County Court of Common Pleas against Plageman and nine (9) individual insurance companies. The Roys settled their claims with Plageman for $100,000, the limit of Plageman's personal automobile policy. The trial court dismissed, for various reasons, the Roy's claims against defendants United National Insurance Company, Grange Mutual Casualty Company, Grange Guardian Insurance Company and the Ohio Attorney General's Office. The Roys' remaining claims sought uninsured/underinsured (UM/UIM) coverage from policies issued by defendants Ohio Insurance Company (OHIC), State Farm Mutual Insurance Company (State Farm), Westfield Insurance Company (Westfield) and National Union Fire Insurance Company. The Roy's claims against these four companies arise as follows:
 {¶ 3} Jane Roy is employed by the Blanchard Valley Regional Health Care Center. At all times pertinent to this appeal, there was in effect a commercial auto policy and an umbrella liability policy issued to Blanchard Valley by the defendant-appellant OHIC.
 {¶ 4} On the day of his accident, Gregory Roy was employed as a Hancock County Sheriff's Deputy by the Hancock County Board of Commissioners. At all times pertinent to this appeal, there was in effect a commercial umbrella liability policy issued to the Board of Commissioners by defendant-appellant National Union. National Union is a participant in the Midwest Insurance Pool of which the Board of Commissioners is a member.
 {¶ 5} Monica Roy, the plaintiffs' daughter and a member of the plaintiffs' household, is employed by the Findlay/Hancock County Public Library (Library). At all times pertinent to this appeal, there was in effect an automobile liability policy issued to the Library by defendant-appellant State Farm. Additionally, at all times pertinent to this appeal, there was in effect an umbrella liability policy issued to the Library by the defendant Westfield.
 {¶ 6} The Roys filed four motions seeking summary judgment against OHIC, National Union, Westfield and State Farm respectively, arguing in each that they were entitled to UM/UIM coverage based on the policies listed above. Conversely, each insurance carrier opposed UM/UIM coverage for the Roys and individually moved the court for summary judgment to that effect. In four separate judgment entries dated November 27, 2000, February 23, 2001, July 24, 2001 and August 28, 2001, the trial court granted summary judgment to the Roys and denied the same to the insurance carriers.
 {¶ 7} After awarding the Roys summary judgment, the trial court entertained a second round of motions filed by the insurance carriers each addressing the issues of priority and allocation of the UM/UIM coverage. On April 10, 2002, the trial court issued an order stating that all five of the policies in question were primary and that each provided UM/UIM coverage on a pro-rata basis. As a consequence of this finding, the court ordered the following percentage of primary responsibility:
 {¶ 8} Westfield 7.042%
 {¶ 9} National Union 28.168%
 {¶ 10} OHIC (auto policy) 7.042%
 {¶ 11} OHIC (umbrella) 56.338%
 {¶ 12} State Farm 4.1408%
 {¶ 13} Finally, on May 24, 2002, the trial court issued a final judgment entry stating that OHIC, State Farm, National Union and Westfield had each voluntarily settled their claims with the Roys according to each carriers' respective percentage of responsibility as determined by the trial court. The judgment entry goes on to explain that in exchange for the settlements, the plaintiffs had assigned their remaining rights against each UM/UIM defendant to the other UM/UIM defendants. Notably, the assignment does not appear in the record. Nevertheless, the judgment entry orders that each UM/UIM defendant shall possess rights of recovery, to the extent of its payment to plaintiffs, against the other UM/UIM defendants and that each UM/UIM defendant, with the exception of Westfield, will preserve for appeal its defenses to coverage, and its claims for indemnity or contribution against other UM/UIM defendants.
 {¶ 14} On June 17, 2002, under the authority of the trial court's final judgment entry, OHIC, State Farm, and National Union State Farm filed a Joint Notice of Appeals and Cross Appeals. Each appellant has submitted to this court individual briefs assigning error to the trial court's respective summary judgment rulings and determinations regarding priority of coverage. Additionally, each appellant has submitted briefs in reply that defend the trial court's judgment with respect to the other appellants.
 {¶ 15} Appellant OHIC raises the following assignments of error:
 {¶ 16} "I. The trial court erred when it grated [sic] Plaintiffs-Appellees Motion for Summary Judgment with respect to coverage under the OHIC policies.
 {¶ 17} "II. The trial court erred in its decision with respect to priority of coverage."
 {¶ 18} Appellant State Farm raises the following assignments oferror:
 {¶ 19} "I. The trial court erred in determining that the insurance contract which State Farm issued to Findlay Hancock Public Library provides uninsured/underinsured motorist coverage to plaintiffs, Gregory and Jane Roy.
 {¶ 20} "II. The trial court erred in determining that the insurance contract with State Farm issued to Findlay Hancock Public Library did not validly reduce its State Farm uninsured/underinsured motorist coverage, from $500,000.00 for each person and $1,000,000.00 for each accident, to $100,000.00 for each person and $300,000.00 for each accident.
 {¶ 21} "III. The trial court erred in determining that the State Farm insurance contract provides a portion of the primary uninsured/underinsured motorist coverage for the injuries/damages suffered by plaintiffs, Gregory and Jane Roy."
 {¶ 22} Appellant National Union raises the following assignments oferror:
 {¶ 23} "I. The trial court erred in granting summary judgment in favor of plaintiffs, and against defendant-appellant National Union Fire Insurance Company of Pittsburgh, PA.
 {¶ 24} "II. The trial court erred in granting summary judgment in favor of Appellant/Cross-Appellee regarding the priority of coverage among the insurers."
 Procedural Posture {¶ 25} Due to the convoluted and highly irregular procedural framework of this appeal, our first order of business is to identify the capacity in which appellants appear before this court. Appellants have collectively filed with this court a "Joint Notice of Appeals and Cross Appeals." The Rules of Appellate procedure do not provide for a "joint notice of appeal" as between separate parties to an action unless those parties intend to proceed as joint appellants. A joint appeal is proper if two or more parties to an action are entitled to appeal from a judgment or order of a trial court and their interests are such as to make joinder practicable. App.R.3(B). Once a joint appeal is filed, the appellants proceed as a single appellant. Id. Nor do the appellate rules provide for a joint notice of appeal and cross appeal. On the contrary, a separate notice of cross appeal is required where a party to a judgment intends to defend that judgment against an appeal taken by an appellant and who also seeks to reverse the judgment in some other manner. App.R.3(C).
 {¶ 26} Appellants' notice of appeal fails to meet the requirements as stated in App.R.3 and further fails to conform to any form of appeal familiar to this court. Appellants are not joint appellants for they have adverse interests and subsequent to their notice of appeal have proceeded individually. Appellants are not cross appellants/appellees, regardless of what they may call themselves, since there has been no separate filing of cross appeals. Thus, it is our finding that appellants' notice of appeal does not present a proper appeal before this court.
 {¶ 27} However, in the interests of judicial economy, not to mention the conservation of natural resources, we will not dismiss the appeal for failure to file a proper notice of appeal as is our right pursuant to App.R.3(A). Instead, we will proceed with the more pressing matter of Appellants' standing to appeal.
 Standing {¶ 28} If no party entitled to appeal is before a reviewing court, the reviewing court is without jurisdiction. Petitioners v. Boardof Twinsburg Tp. Trustees(1965), 4 Ohio App.2d 171,176, 211 N.E.2d 880. Jurisdiction is power to act, and without such power a reviewing court is unable to consider an appeal. Relief Ass'n of Union Works, Carnegie SteelCo. v. Equitable Life Assur. Soc. of U.S. (1939), 63 Ohio App. 91, 100,25 N.E.2d 352.
 {¶ 29} Appellants have seemingly discarded their standing to appeal as a non-issue based entirely upon the trial court's final judgment entry outlining an agreement concocted by the appellants. That agreement included terms such that the parties agreed not to raise the issues of standing, failure to file cross claims or voluntary payment as a defense in any subsequent appeal. Be that as it may, neither the Appellants nor the trial court may confer jurisdiction upon this court by agreement.Heckler Co. v. Incorporated Village of Napoleon (1937), 56 Ohio App. 110,120, 10 N.E.2d 32, 10 N.E.2d 32. Our jurisdiction to hear an appeal originates from the law and thus is inherently the first burden all appellants bear. Appellants have not addressed this burden and therefore we are required to raise it sua sponte. In re Estate of Geannangle,147 Ohio App.3d 131, 134, 2002-Ohio-850, 768 N.E.2d 1235.
 {¶ 30} The pertinent aspects of the trial court's final judgment entry reads as follows:
 {¶ 31} "By agreement of the parties, plaintiffs' claims for UIM coverage against the remaining defendants, being State Farm Mutual Automobile Insurance Company, OHIC Insurance Company, Westfield Insurance Company and National Union Fire Insurance Company, have been settled, and all settlement monies have been paid and received by the plaintiffs.
 {¶ 32} "* * *
 {¶ 33} "In exchange for the settlement monies paid by each UIM defendant, it is agreed and ordered that plaintiff's hereby assign to each UIM defendant, and the Court orders that each UIM defendant shall possess, plaintiffs' rights against the other UIM defendants. Accordingly, the parties agree and the court orders that each UIM defendant shall possess rights of recovery, to the extent of its payment to plaintiffs, against the other UIM defendants. By and through these assignments, and by order of this court, plaintiff's relinquish any and all claims and/or rights of recovery they possess against each UIM defendant."
 {¶ 34} "'Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.'" State ex rel. Gabriel v. Youngstown,75 Ohio St.3d 618, 619, 1996-Ohio-445, 665 N.E.2d 209, quoting Ohio
Contract Carriers Assn. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758. Appellants appear before this court for the primary purpose of refuting insurance coverage for the Roys. Appellants secondarily ask that if they are required to provide coverage, that we reverse the trial court's order with respect to priority of coverage. Appellants submit compelling arguments on these assignments of error but nevertheless are without the right to present them.
 {¶ 35} Appellants lack standing to appeal for the simple reason that they entered into a voluntary settlement with the plaintiff's below as stated in the final judgment entry. Appellants cannot voluntarily submit to coverage and then appeal as to the existence of that coverage. It is axiomatic that all defenses and arguments against UM/UIM coverage for the Roys by the appellants were rendered moot upon their voluntary payment.
 {¶ 36} Appellants, at oral argument, advised this court that their assignments of error were not moot since the plaintiffs' assigned their "rights" against each appellant to the other appellants. Such an assignment, if indeed it took place, is a paradox, for as soon as plaintiffs settled their claims with the appellants they no longer had rights to assign. Moreover, after being granted summary judgment against each appellant, on what grounds could plaintiffs have appealed? The Roys suffered no adverse judgment with respect to any of the appellants.
 {¶ 37} Appellants argued additionally that they had standing to appeal the trial court's order pertaining to the priority of coverage as between appellants based on the "common law of contribution." Without accepting or disallowing such a concept, we reject appellants' notion that this "common law right" gives them standing to have contribution on this basis determined in the first instance on appeal. Civ.R. 3(A) requires that a complaint be filed with a court in order to commence a civil action. Pursuant to Civ.R.13(G), appellants could have brought cross-claims against one another seeking contribution. Appellants did not file cross claims against one another for contribution and therefore cannot initiate such claims, common law or otherwise, for the first time at the appellate level.
 {¶ 38} In conclusion, we find that appellants lack standing to bring this appeal based on their voluntary payment of the claims brought by the Roys against the individual appellants. Therefore, it is the order of this court that this appeal is dismissed.
Appeal dismissed.
 SHAW, P.J., and HADLEY, J., concur.