**HUNTER, Appellee,**

v.

**HAWKES HOSPITAL OF MT. CARMEL, Appellant.**

[Cite as *Hunter v. Hawkes Hosp. of Mt. Carmel* (1989), 62 Ohio App.3d 155.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–1046.

Decided April 18, 1989.

*Smith, Clark & Holzapfel, John E. Holzapfel* and *Michael Juhola;* and *Vern E. Davis,* for appellee.

*Earl, Warburton, Adams & Davis* and *Ted L. Earl,* for appellant.

---

JOHN D. MARTIN, Judge.

Defendant-appellant, Hawkes Hospital of Mt. Carmel (Mt. Carmel Health), appeals from an order of the Franklin County Court of Common Pleas granting plaintiff-appellee Hazel E. Hunter's motion for the discovery of the address of a witness, one Nancy Warren.

Plaintiff is alleged to have fallen from her bed and broken her hip while a patient at defendant hospital. She is said to have been unattended and the bed rails not put in place.

Interrogatories were filed by plaintiff seeking, *inter alia,* the address of Nancy Warren, also a patient at the time and a potential witness to the fall. Defendant, in answer to this interrogatory, objected that the information requested by plaintiff was privileged under *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877.

The trial court's order of discovery was forthwith appealed by defendant as a matter involving a substantial question under R.C. 2505.02. The defendant hospital assigns as error the order to disclose information that it asserts is both privileged and confidential.

To qualify as privileged information, the address sought to be protected by defendant must fall within the confines of R.C. 2317.02(B), which provides that the following persons shall not testify:

"(B)(1) A physician or a dentist, concerning a communication made to him by his patient in that relation or his advice to his patient * * *."

Defendant does not assert that it did not obtain the information sought by plaintiff. Indeed, such information normally is provided by a patient to an admissions clerk upon entering a hospital. Defendant does not contend that

Nancy Warren gave her address only in confidence to her physician upon admission nor does defendant contend that the address thus given was " * * * necessary to enable a physician to diagnose, treat, prescribe or act for a patient * * * " and thus raised to the status of a "communication" which may be privileged and is defined in R.C. 2317.02(B)(3).

Defendant has shown no grounds for the assertion of the physician-patient privilege. Indeed, technically the privilege is not even the defendant's to assert. The hospital is not the patient. Defendant premises its argument on the blithe assumption that Nancy Warren would go to great lengths to avoid an appearance in court as a witness. The corollary is also equally plausible, *i.e.*, Nancy Warren might choose to waive her privilege of dubious existence and appear as a witness for plaintiff.

Defendant's concern that it could be sued if it released such information is of little merit if the information was released under a valid court order.

This court has on several occasions found it appropriate to shield information held by a hospital relating to patients of that hospital and has done so by asserting rights that inure to the patient. The *Humphry* case cited by defendant is one such case, one decided on the basis of privacy rights rather than on a question of patient-physician privilege.

As in all cases involving privacy rights, a reviewing court must weigh the respective interests of each party both to the information and to its nondisclosure.

In the *Humphry* case, plaintiff was in search of names and addresses of other patients who had been afflicted with Legionnaires' Disease. Plaintiff, in that case, had obtained from the hospital the information strictly relevant and necessary for his case, that is, the diagnoses of the patients' illnesses, but not their names and addresses. Having the diagnoses, the disclosure of names could result in embarrassment to the patients, while being of little further benefit to plaintiff's case. On the other hand, in this case, the name of the potential witness is known, but her illness or condition is not known and need not be made known as it has little or no relevancy to what she observed happen to plaintiff.

Plaintiff's interests in obtaining the address of the witness are real and substantial. Nancy Warren is thought to have been an eyewitness to plaintiff's fall—perhaps the only witness—since it has been suggested to the court that plaintiff has passed away. Her testimony could well be the linchpin to plaintiff's whole case.

With the witness' diagnosis not being in issue, defendant can hardly be said to have any privacy interests to protect either on its own behalf or on Nancy

Warren's behalf. Therefore, the rationale of the *Humphry* case will not work in defendant's favor in this case, as the facts of the two cases are readily distinguishable. The witness sought in this case and her interests are no different from those of any other witness in other cases and do not merit protection under one's right of privacy.

Appellant's assignment of error is accordingly overruled, and the case is remanded for continued proceedings according to law.

*Judgment affirmed*
*and cause remanded.*

McCormac, P.J., and Young, J., concur.

John D. Martin, J., of the Fairfield County Court of Common Pleas, sitting by assignment.