Randall SELTRECHT, Tammy Seltrecht and Sharon Seltrecht, Plaintiffs-Appellants,

v.

Christine A. BREMER, Grischke & Bremer, S.C., Rogers & Bremer and Wisconsin Lawyers Mutual Insurance Company, Defendants-Respondents. †

Court of Appeals

No. 95–0931. Submitted on briefs June 26, 1995.—Decided July 18, 1995.

(Also reported in 536 N.W.2d 727.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the brief of *J. Ric Gass* and *Joseph S. Goode* of *Kravit, Gass & Weber, S.C.* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Terry E. Johnson* and *Peter F. Mullaney* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.    Randall Seltrecht, Tammy Seltrecht and Sharon Seltrecht (appellants) appeal an interlocutory order compelling them to execute a medical authorization that would allow defendants' counsel to engage in private confidential communications with Sharon's former physician, Thomas Hofbauer, and to obtain all of Sharon's medical records from Hofbauer. The appellants contend that the court erroneously exercised its discretion by failing to limit the scope of the medical authorization to those records and information that were relevant to this action. Accordingly,

the appellants claim that the trial court's order should be reversed. Because we conclude that the trial court erred by failing to tailor the medical authorization to (1) exclude confidential information and (2) limit access to information relevant to the appellants' claim, we reverse the order.

Hofbauer prescribed a drug known as Bucladin to Sharon in an attempt to relieve her of the nausea she was experiencing during her pregnancy with Randall. Randall was subsequently born with congenital birth defects that included seven and one-half fingers, two ulnas and no radius. Believing that Randall's birth defects were caused by Hofbauer's negligent prescription of Bucladin, the appellants sought legal counsel from Christine Bremer on or about July 16, 1987. On July 22, the appellants entered into a contingency fee agreement with Bremer for the purpose of pursuing litigation relating to Hofbauer's alleged negligent prescription of Bucladin. However, shortly thereafter, Bremer advised the appellants that the statute of limitations had run on their claim against Hofbauer. Relying on Bremer's advice, the appellants did not file a claim against Hofbauer.

Eventually, the appellants were advised that Bremer incorrectly advised them on the statute of limitations and that they did, in fact, have a viable claim against Hofbauer. By the time the appellants were so advised, however, the statute of limitations expired on their claim. Accordingly, the appellants filed a legal malpractice action against Bremer and her law firm.

Shortly after the appellants filed their claim, the defendants sought a medical authorization from them to obtain access to Sharon's medical records, as well as unlimited ex parte access to Hofbauer. The appellants

refused the request, arguing that the scope of the authorization was too broad and that it violated Sharon's physician-patient privilege. The defendants then filed a motion to compel execution of the authorization. After the hearing on the motion and after considering the respective arguments of counsel, the trial court granted the defendants' motion, compelling execution of the authorization. This court subsequently granted discretionary review of the appellants' petition for review of the trial court's interlocutory order.

The issue presented on this appeal is whether the trial court erred by failing to tailor the medical authorization to exclude confidential information and to limit disclosure of Sharon's medical information to that which was relevant to this case. We review the trial court's order compelling the appellants to execute the medical authorization under the erroneous exercise of discretion standard. *See Ambrose v. General Cas. Co.*, 156 Wis. 2d 306, 308-09, 456 N.W.2d 642, 643 (Ct. App. 1990). We will sustain the trial court's discretionary decision if it examined the facts of record, applied a proper legal standard and used a rational process to reach a decision a reasonable judge could reach. *Glassey v. Continental Ins. Co.*, 176 Wis. 2d 587, 608, 500 N.W.2d 295, 304 (1993).

Here, the appellants contend that the trial court erred by granting the defendants' motion to compel execution of the medical authorization. Relying on § 905.04(4)(c), STATS., and this court's decision in *State ex rel. Klieger v. Alby*, 125 Wis. 2d 468, 472-73, 373 N.W.2d 57, 60 (Ct. App. 1985), the appellants argue that because the trial court failed to limit the medical authorization to those records that are relevant to this

claim, the trial court's order constituted an erroneous exercise of discretion.

In addressing this contention, we first note that *Klieger* was recently overruled by our supreme court's decision in *Steinberg v. Jensen*, 194 Wis. 2d 440, 534 N.W.2d 361 (1995). Nonetheless, because § 905.04(2), STATS., prohibits unlimited ex parte communication between a defendant and the plaintiff's treating physician in the discovery process, we conclude that the trial court erred by ordering the plaintiffs to execute the medical authorization. *Steinberg*, 194 Wis. 2d at 461, 534 N.W.2d at 368.

During the discovery process, Wisconsin's physician-patient privilege statute, § 905.04(2), STATS., provides medical patients with the privilege to refuse to disclose, and to prevent others from disclosing, confidential communications made or information obtained for the purpose of treatment or diagnosis. This privilege, however, is not absolute. Section 905.04(4)(c), STATS., provides the following exception to the physician-patient privilege:

> *Condition an element of claim or defense.* There is no privilege under this section as to communications relevant to or within the scope of discovery examination of an issue of the physical, mental or emotional condition of a patient in any proceedings in which the patient relies upon the condition as an element of the patient's claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of the party's claim or defense.

Thus, an exception to the physician-patient privilege exists where the patient's physical, mental or emotional condition is an element of the plaintiff's claim.

Further, we note that the physician-patient privilege only applies to judicial proceedings. *Steinberg*, 194 Wis. 2d at 465, 534 N.W.2d at 370. Thus, "the privilege does not prohibit defense counsel from engaging in ex parte communications with a plaintiff's treating physicians." *Id.* at 466, 534 N.W.2d at 370. However, the supreme court expressly noted that its decision in *Steinberg* did not mean that lawyers and physicians are free to discuss a patient's medical history outside of judicial proceedings. "Physicians owe an ethical duty of confidentiality to their patients that is broader than the express language of the statutory physician-patient privilege." *Id.* This duty, which is premised on the Hippocratic Oath, prohibits a patient's treating physician from divulging confidential information absent the patient's consent. Accordingly, as our supreme court noted in *Steinberg*, "[b]ased on the ethical obligation of confidentiality and on the physician-patient privilege, the public has a right to expect that physicians will not reveal, *inside or outside judicial proceedings*, confidences that a patient discloses during the physician-patient relationship." *Id.* at 467–68, 534 N.W.2d at 371 (emphasis added).

Based on the foregoing principles, the *Steinberg* court held that "defense counsel may not engage in ex parte 'discovery' with the plaintiff's treating physicians." *Id.* at 468, 534 N.W.2d at 371. Noting the likelihood that such discovery would lead to the disclosure of confidential information, the court concluded that "[a]bsent consent from the plaintiff-patient, an

attorney who desires to ask questions of a treating physician must do so either in the presence of opposing counsel or through a writing, an exact duplicate of which must be sent concurrently to opposing counsel." *Id.* at 468–69, 534 N.W.2d at 371-72 (footnote omitted).

Applying § 905.04(4)(c), STATS., and our supreme court's decision in *Steinberg* to this case, we conclude that the trial court erred by compelling the appellants to consent to ex parte communications between defense counsel and Sharon's physician. The trial court made no attempt to limit the medical authorization to those records that were relevant to this claim, nor did it exclude confidential material from the discovery process.[1] Rather, the trial court ordered the appellants to execute a blanket medical authorization that permitted Hofbauer to disclose all medical records related to Sharon's physical, mental and psychological health and that authorized defendants' counsel to engage in unlimited ex parte communications with Hofbauer regarding all aspects of Sharon's medical history. Absolutely no limitation was placed on the authorization; to the contrary, the authorization expressly stated that it included "all records and information regarding [Sharon's] physical, mental and psychological health, and treatment and evaluation made or provided by any physician, psychiatrist, psychologist, nurse, chiropractor, dentist, podiatrist, physical therapist, hospital, or any other health care provider." Because the trial court failed to exclude confidential information from the medical authorization and failed to limit the authorization to that information which was relevant to Sharon's claim, the authorization exceeded the scope of the

---

[1] Whether there is a distinction between "relevant" and "confidential" need not be addressed under the facts of this case.

exception provided by § 905.04(4)(c), STATS., and therefore violated Sharon's physician-patient privilege. Accordingly, we conclude that the trial court erroneously exercised its discretion by misconstruing the law as to the extent of the medical privilege to which Sharon was entitled.

The defendants, however, contend that because Hofbauer was the target of the malpractice action and because his treatment of Sharon was a necessary issue in the resolution of the appellants' claim, defendants' counsel should be entitled to access Hofbauer as though he were defending him as a defendant in the action. We do not agree. Although this legal malpractice claim does require the trial of the underlying medical malpractice claim to establish the causal relationship between Bremer's negligence and the injury to the appellants, the claim remains a legal malpractice action against Bremer. Hofbauer is not a defendant in this action and defendants' counsel is not representing him in this action. Thus, despite the unique dynamics presented by this trial within a trial, Sharon retained her physician-patient privilege in the discovery process. *See Steinberg*, 194 Wis. 2d at 468–69, 534 N.W.2d at 371-72. Further, we note that while the physician-patient privilege is limited to judicial proceedings, Hofbauer owes an ethical duty of confidentiality to Sharon that prohibits him from disclosing confidential communications outside the discovery process. *See id.* at 466–67, 534 N.W.2d at 371.

Our conclusion, however, does not prohibit the defendants from obtaining sufficient discovery to adequately defend themselves against this claim. All relevant, non-confidential medical information related

to Sharon and Randall must be made available to the defendants. Thus, the trial court must ensure that the defendants have access to such medical evidence and must tailor the discovery process to achieve this end.

For the foregoing reasons, we conclude that the trial within a trial scenario is not a sufficient basis to order unlimited ex parte communication with a plaintiff's physician. Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this decision and our supreme court's decision in *Steinberg*.[2]

*By the Court.*—Order reversed and cause remanded.

---

[2] *Steinberg v. Jensen*, 194 Wis. 2d 440, 469, 534 N.W.2d 361, 372 (1995), indicates that ex parte communications between defense counsel and plaintiff's treating physician may be appropriate under some circumstances. However, because the nature and extent to which such communications are allowed is not before us, we decline to address this issue in this case.