The STATE of Ohio, Appellee and Cross–Appellant,

v.

ORWICK, Appellee and Cross–Appellee; Blanchard Valley Regional
Health Center et al., Appellants and Cross–Appellees.

[Cite as *State v. Orwick,* 153 Ohio App.3d 88, 2003-Ohio-2681.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–02–48.

Decided May 27, 2003.

Robert A. Fry, Hancock County Prosecuting Attorney, for appellee and cross-appellant.

Michael J. Malone, for appellants and cross-appellees.

Garth W. Brown, for appellee and cross-appellee.

WALTERS, Judge.

{¶ 1} Nonparty appellants, Blanchard Valley Regional Health Center, Dr. Donald Evert, M.D., and Daniel King, an independent social worker licensed by the state of Ohio (collectively "appellants"), appeal from a Hancock County Common Pleas Court judgment ordering the disclosure of a document relating to statements by defendant, James A. Orwick, concerning incidents in which Orwick allegedly sexually abused his stepdaughters. The trial court found that the document fell within an exception provided by R.C. 2317.02(G)(1)(a) for state-

ments indicative of clear-and-present danger to the client or other persons. Appellants contend that the document was a privileged communication and not subject to disclosure pursuant to R.C. 2317.02(G)(1). Because Orwick is the exclusive holder of the subject privilege and appellants have not demonstrated that they have suffered an injury in fact or that there exists some hindrance to Orwick's ability to protect his rights, we dismiss their appeal for lack of standing. The state of Ohio cross-appeals, arguing that once an exception is found to apply, the privilege is waived as to the entirety of communications between Orwick and his counselor made during the same consultation and all other communications relating to the same subject. Because the clear-and-present-danger exception does not provide a waiver of all confidential communications, the trial court did not err in limiting disclosure to communications falling within the scope of the exception. Accordingly, we affirm the trial court's judgment.

{¶ 2} Facts and procedural posture relevant to issues raised on appeal are as follows: James Orwick was arrested on a warrant issued by the Hancock County Grand Jury on November 20, 2001, alleging one count of gross sexual imposition, thirteen counts of rape, and fifteen counts of sexual battery of his stepdaughters. Orwick was arraigned on November 28, 2001, and subsequently released on $100,000 bond. A jury trial was scheduled for June 3, 2002. However, due to scheduling problems and other procedural issues, trial was continued until July 31, 2002.

{¶ 3} On July 26, 2002, the state subpoenaed Dr. Donald Evert, M.D., his records custodian, the records custodian of Blanchard Valley Regional Health Center ("BVRHC"), and Pat Weaver, a licensed social worker from the hospital, requesting all documents relating to counseling sessions with Orwick. The state alleged that on or about January 20, 2002, Orwick telephoned his wife and informed her that he was going to commit suicide. Orwick was admitted to BVRHC, where he was counseled by Weaver. After his release from the hospital, Orwick spoke with Dr. Evert and staff at his office. The matter came on for hearing on July 29, 2002.

{¶ 4} At the hearing, Orwick objected to the subpoena, arguing that the documents were privileged communications protected from disclosure by R.C. 2317.02(G)(1). Counsel for the subpoenaed witnesses also appeared at the hearing with two packets of documents under seal, indicating that he had been instructed to challenge the subpoena as violative of R.C. 2317.02. One packet, later marked as Court's Exhibit 1, contained the subpoenaed documents related to Orwick's hospitalization at BVRHC. The other packet, subsequently marked Court's Exhibit 2, contained the subpoenaed documents from the counseling sessions with personnel at Dr. Evert's office.

{¶ 5} After an in camera inspection of the packets, the court ruled that no documents would be disclosed from Court's Exhibit 1. However, the court found that one document contained in Court's Exhibit 2, dated March 8, 2002, authored by Daniel King, a licensed independent social worker for Dr. Evert's office, was excepted from the counselor-patient privilege and was discoverable under R.C. 2317.02(G)(1)(a) because it contained indications of present or past child abuse.

{¶ 6} Appellants initiated the instant appeal, and the state cross-appealed. Defendant Orwick perfected a separate appeal, in which the state also cross-appealed with an identical assignment of error.[1]

{¶ 7} Appellants present the following two assignments of error for our consideration:

### Assignment of Error Number One

"The trial court erred in ordering a licensed social worker to disclose privileged communications between himself and his client in accordance with R.C. 2317.02(G)(1)(a) to the Hancock County Prosecutor."

### Assignment of Error Number Two

"The trial court erred in its interpretation and application of R.C. 2317.02(G)(1)(a) by ordering the disclosure of privileged communication between a licensed social worker and his client."

{¶ 8} As an initial matter, we address whether this is a final appealable order and whether appellants have standing to bring this appeal. Although appellants produced the documents upon agreement that they could maintain an appeal, neither the appellants nor the trial court may confer jurisdiction upon this court by agreement.[2] "Our jurisdiction to hear an appeal originates from the law and thus is inherently the first burden all appellants bear." [3]

{¶ 9} In Ohio, it is well established that the patient is the exclusive holder of the physician-patient privilege and third parties generally cannot assert the privilege on the patient's behalf.[4] "[I]t is axiomatic, as a prudential standing limitation, that a party is limited to asserting his or her own legal rights and

---

1. See Hancock App. No. 5–02–46, 153 Ohio App.3d 65, 2003-Ohio-2682, 790 N.E.2d 1238.

2. *Roy v. Plageman*, Hancock App. No. 5–02–35, 2002-Ohio-6286, 2002 WL 31558046, ¶ 29, citing *Heckler Co. v. Incorporated Village of Napoleon* (1937), 56 Ohio App. 110, 120, 8 O.O. 171, 10 N.E.2d 32.

3. Id.

4. *State v. McGriff* (1996), 109 Ohio App.3d 668, 670, 672 N.E.2d 1074 (citations omitted).

**92**

interests, and not those of a third party."[5] "To bring an action on behalf of a third-party, a litigant must satisfy three criteria: first, the litigant must have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; second, the litigant must have a close relation to the third party; and third, there must exist some hindrance to the third party's ability to protect his or her own interest."[6] To demonstrate an *injury in fact*, a party must show that it has suffered or will suffer a specific injury traceable to the challenged action that is likely to be redressed if the court invalidates the action or inaction.[7]

{¶ 10} As mentioned above, Orwick is the exclusive holder of the privilege. Appellants cannot waive a statutory privilege intended for Orwick's benefit on his behalf or prevent him from waiving a privilege if it so applies.[8] Although appellants may have a duty of confidentiality with respect to privileged information and may be subject to liability for unauthorized out-of-court disclosure of nonpublic privileged information,[9] they are not subject to liability if the information is disclosed pursuant to a valid court order.[10] Because appellants are not entitled to the privilege and are not subject to liability for disclosure pursuant to a valid court order, they have no injury that is able to be redressed if the court invalidates the action or inaction. Furthermore, appellants have not demonstrated that there exists some hindrance to Orwick's ability to protect his interest, and, in fact, Orwick did assert the privilege herein. While some states permit a physician or hospital to assert physician-patient or other related privileges on a patient's behalf, those decisions are based on the particular language of the statutory privilege in the state rather than traditional application of common-law privileges[11] and are generally limited to situations where the patient is not a

5. *State v. Yirga*, Wyandot App. No. 16–01–24, 2002-Ohio-2832, 2002 WL 1299860, ¶ 38, appeal not allowed by 96 Ohio St.3d 1524, 2002-Ohio-5099, 775 N.E.2d 864, citing *Warth v. Seldin* (1975), 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343.

6. Id., citing *Powers v. Ohio* (1991), 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411.

7. Id., citing *In re Estate of York* (1999), 133 Ohio App.3d 234, 241, 727 N.E.2d 607, citing *Eng. Technicians Assn. v. Ohio Dept. of Transp.* (1991), 72 Ohio App.3d 106, 110–111, 593 N.E.2d 472; *Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus* (1992), 84 Ohio App.3d 591, 599, 617 N.E.2d 761.

8. *State ex rel. Wallace v. State Med. Bd. of Ohio* (2000), 89 Ohio St.3d 431, 435, 2000-Ohio-213, 732 N.E.2d 960; *Hunter v. Hawkes Hosp. of Mt. Carmel* (1989), 62 Ohio App.3d 155, 157, 574 N.E.2d 1147.

9. *Biddle v. Warren Gen. Hosp.* (1999), 86 Ohio St.3d 395, 401–402, 1999-Ohio-115, 715 N.E.2d 518.

10. *Hunter,* 62 Ohio App.3d at 157, 574 N.E.2d 1147.

11. See *In re the August, 1993 Regular Grand Jury* (S.D.Ind.1994), 854 F.Supp. 1380, 1391 (citations omitted).

party to the proceedings and is unable to assert the privilege on his or her own behalf.[12] Clearly, this is not a situation in which the patient is a nonparty unable to assert the defense on his own behalf.

{¶ 11} Therefore, because appellants have not demonstrated that they have suffered an injury in fact or that there exists some hindrance to Orwick's ability to protect his rights, they lack standing to appeal a decision relating to rights that enure solely to the patient.[13]

{¶ 12} Accordingly, we dismiss appellants' appeal.

## State of Ohio–Cross Appellant's Assignment of Error.

"The trial court erred in ordering the release of only one document rather than all the documents created and utilized in all the counseling sessions by the independent social workers and their client."

{¶ 13} For its assignment of error, the state contends that R.C. 2317.02(G)(1)(a) compels disclosure of "all communications made to the two social workers, and any documentation thereof[.]" The state avers that once the court found a specific statutory exception to be applicable to any of Orwick's communications, the privilege is waived as to entirety of the communications between Orwick and his counselor made during the same consultation and all other communications relating to the same subject.

{¶ 14} However, as discussed in Hancock appeal number 5–02–46, we are mindful that the Ohio Supreme Court "has repeatedly and consistently refused to engraft judicial waivers, exceptions, or limitations into the testimonial privilege statutes where the circumstances of the communication fall squarely within the reach of the statute."[14] Through R.C. 2317.02(G)(1), the legislature has extended a shield of privacy over communications between social workers and counselors and their clients. Nothing in either R.C. 2151.412 or R.C. 2317.02 supports the state's characterization of the exception at issue here as a sweeping waiver providing unbridled disclosure. Those cases dealing with the breadth of exceptions to statutory privileges generally limit the scope of disclosure to communica-

---

**12.** See, e.g., *In re June 1979 Allegheny County Investigating Grand Jury* (1980), 490 Pa. 143, 148, 415 A.2d 73, 76; *Parkson v. Central DuPage Hosp.* (1 Dist.1982), 105 Ill.App.3d 850, 853, 61 Ill.Dec. 651, 435 N.E.2d 140, 142; *In re Grand Jury Investigation in New York Cty.* (2002), 98 N.Y.2d 525, 526, 749 N.Y.S.2d 462, 779 N.E.2d 173, 174; *Hosp. Corp. of Am. v. Superior Court of Pima Cty.* (Ariz.App. Div. 2 1988), 157 Ariz. 210, 212, 755 P.2d 1198, 1200. Compare, *In re Grand Jury Investigation of Onondaga Cty.* (1983), 59 N.Y.2d 130, 135, 463 N.Y.S.2d 758, 450 N.E.2d 678, 680.

**13.** *Yirga*, 2002-Ohio-2832, at ¶ 38.

**14.** *In re Wieland* (2000), 89 Ohio St.3d 535, 538, 733 N.E.2d 1127.

tions falling within the confines of the exception to the privilege.[15] The mere fact that some statements are excepted from the privilege does not compel disclosure of all of a defendant's confidential communications to his counselor, physician, or therapist. Limited disclosure is appropriate to the statements that triggered a warning required by a compelled reporting statute or communications providing indicia of a clear and present danger to the client or other persons.[16] Although the privilege is to be narrowly construed, we are not willing to broaden the scope of an exception where the remaining communications fall squarely with the purviews of the statute. Therefore, the trial court did not err in limiting disclosure to the scope of the exception to the privilege.

{¶ 15} Accordingly, the state of Ohio's cross-assignment of error is overruled.

{¶ 16} Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the Hancock County Common Pleas Court.

Judgment affirmed.

SHAW and CUPP, JJ., concur.

---

15. See, e.g., *State v. Spencer* (1998), 126 Ohio App.3d 335, 340–342, 710 N.E.2d 352 (Dyke, P.J., concurring); *Hayes v. Cleveland Pneumatic Co.* (1993), 92 Ohio App.3d 36, 44, 634 N.E.2d 228; *People v. Wharton* (1991), 53 Cal.3d 522, 280 Cal.Rptr. 631, 648–649, 809 P.2d 290; *Seltrecht v. Bremer* (Wis.App.1995), 195 Wis.2d 880, 889–890, 536 N.W.2d 727; *Lane v. Sharp Packaging Systems, Inc.* (Wis.2002), 251 Wis.2d 68, 90, 640 N.W.2d 788; *Gen. Motors Corp. v. McGee* (Fla.App. 4 Dist.2002), 837 So.2d 1010, 1031; *Cobell v. Norton* (D.C.C.2003), 213 F.R.D. 69, 74; *In re Doe* (Tex.App.-Austin 2000), 22 S.W.3d 601, 610; *In re Vargas* (C.A.10, 1983), 723 F.2d 1461, 1467; *R.K. v. Ramirez* (Tex.1994), 887 S.W.2d 836, 844.

16. R.C. 2151.412 and 2317.02(G)(1)(a); Hancock App. No. 5–02–46, 153 Ohio App.3d 65, 2003-Ohio-2682, 790 N.E.2d 1238.