DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, the City of Medina ("the City"), appeals from the trial court's order requiring a third party, William Herthneck, to answer questions regarding his current and past health conditions. This Court dismisses the appeal.
 I. {¶ 2} On June 30, 2004, appellee, William Galbraith, filed suit against the City alleging discrimination on the basis of disability. On March 23, 2005, appellee sought to take the depositions of William Herthneck, the Chief of the Medina Fire Department, and Jerry Fry, the Safety Officer of the Medina Fire Department. During these depositions, appellee's counsel sought information regarding the deponents' health histories. Appellant's counsel objected and instructed the witnesses not to answer the questions because their health histories were privileged. As a result, appellee moved to compel Fry and Herthneck to answer the questions and appellant sought a protective order limiting appellee's questioning of the employees.
 {¶ 3} In its journal entry, the trial court dealt only with Chief Herthneck and found that he had waived any privilege in his health history to the extent that he had publicly discussed health issues. Accordingly, the trial court ordered that Herthneck answer any questions relating to his health status to the extent that he had previously discussed those conditions publicly. The City timely appealed the trial court's judgment, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING THE MOTION FOR PROTECTIVE ORDER AND, CORRELATIVELY, IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO COMPEL WHERE THE DISCOVERY SOUGHT WAS PRIVILEGED AND CONFIDENTIAL MEDICAL INFORMATION OF NON-LITIGANT CO-WORKERS[.]"
 {¶ 4} In its sole assignment of error, the City contends that the trial court erred in finding that Chief Herthneck had waived the confidentiality of his medical history. This Court finds that the City lacks standing to prosecute this appeal.
 {¶ 5} It is well established in Ohio that the patient is the exclusive holder of the physician-patient privilege and third parties generally cannot assert the privilege on the patient's behalf. State v. McGriff (1996), 109 Ohio App.3d 668, 670. "[I]t is axiomatic, as a prudential standing limitation, that a party is limited to asserting his or her own legal rights and interests, and not those of a third party." State v. Yirga, 3rd Dist. No. 16-01-24, 2002-Ohio-2832, at ¶ 38, citing Warth v.Seldin (1975), 422 U.S. 490, 499. In order to bring an action on behalf of a third party, three criteria must be satisfied:
"The litigant must have suffered an `injury in fact,' thus giving him or her a `sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." (Internal citations omitted.) Powers v. Ohio
(1991), 499 U.S. 400, 411.
In order to demonstrate an injury in fact, a party must be able to demonstrate that it has suffered or will suffer a specific injury traceable to the challenged action that is likely to be redressed if the court invalidates the action or inaction. In reEstate of York (1999), 133 Ohio App.3d 234, 241.
 {¶ 6} We note initially that the City, in its brief, recognizes that the privilege is personal to Chief Herthneck, noting that he must consent before any information may be disclosed. We find the rationale espoused by the Third District to be informative:
"As mentioned above, [the patient] is the exclusive holder of the privilege. Appellants cannot waive a statutory privilege intended for [the patient's] benefit on his behalf or prevent him from waiving a privilege if it so applies. Although appellants may have a duty of confidentiality with respect to privileged information and may be subject to liability for unauthorized out-of-court disclosure of nonpublic privileged information, they are not subject to liability if the information is disclosed pursuant to a valid court order. Because appellants are not entitled to the privilege and are not subject to liability for disclosure pursuant to a valid court order, they have no injury that is able to be redressed if the court invalidates the action or inaction. Furthermore, appellants have not demonstrated that there exists some hindrance to [the patient's] ability to protect his interest[.]" State v. Orwick, 3rd Dist. No. 5-02-48,2003-Ohio-2681, at ¶ 10.
 {¶ 7} This Court is confronted with analogous facts. We find that the confidential nature of medical records is sufficiently similar to the physician-patient privilege to invoke the same rationale. The patient holds the right to keep his medical history confidential and only the patient may enforce and protect that right. Accordingly, the City lacks the authority to invoke the confidential nature of Chief Herthneck's medical history. Additionally, unlike the appellants in Orwick, the City has not been ordered to release any information regarding Chief Herthneck. Rather, the trial court ordered Chief Herthneck to respond to questions during his deposition. As such, the City can demonstrate no injury in fact which this Court's decision could redress which would grant it third-party standing. The City can identify no specific injury that it will suffer if the trial court's order is not reversed. Rather, it appears that only Chief Herthneck's personal right is affected by the order.
 {¶ 8} Furthermore, the City has not identified any hindrance which would prevent Chief Herthneck from protecting his right. See Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 65
(finding that the substantial rights at stake in preserving privilege would likely provide a sufficient basis for a motion to intervene and thereafter appeal). Accordingly, the City lacks third-party standing to maintain this appeal.
 III. {¶ 9} The City lacks standing to maintain this appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J., Boyle, J., concur.