OPINION
{¶ 1} Certain Underwriters at Lloyds London ("Lloyds") appeal from the judgment of the Lake County Court of Common Pleas, denying its motion to quash the videotape depositions of Drs. Robert Anschuetz, M.D., and Joan Rothenberg, M.D., and granting Progressive Preferred Insurance Company's ("Progressive") motion to compel, in a declaratory action. We dismiss the appeal. *Page 2 
 {¶ 2} This case arises from an accident occurring November 9, 2001.Progressive Preferred Ins. Co. v. Certain Underwriters at Lloyd'sLondon, 166 Ohio App.3d 1, 2006-Ohio-1442, at ¶ 2 (hereinafter,"Progressive I"). Ann Crum-Griesmer and her husband, Jerome Griesmer, took various residents of Summerville Assisted Living, in Mentor, Ohio on a scenic tour in a Summerville van. Id. The van ran into a ditch, blocking its side doors; and, in order to let other passengers out while awaiting help, Mrs. Janet Schmidt was unstrapped from her secured wheelchair near the van's rear door, and placed in an unsecured wheelchair. Id. at ¶ 2-4. Mrs. Schmidt was never returned to her secured wheelchair; at some point, she fell, and suffered injuries allegedly leading to her death. Id. at ¶ 4.
 {¶ 3} Mrs. Schmidt's son and executor filed a wrongful death and survivorship action in the Lake County Court of Common Pleas.Progressive I at ¶ 5. Progressive had issued a business automobile insurance policy to Summerville; Lloyds had issued Summerville a health care facilities professional, general and employee benefit liability policy. Id. Each policy had limits of one million dollars per accident. Id. Lloyds denied any duty to defend or indemnify, so Progressive assumed defense of Summerville, under a reservation of rights. Id. at ¶ 6. In August 2003, Progressive settled the Schmidt estate's wrongful death and survivorship action for $300,000, then commenced the subject declaratory action against Lloyds, pursuant to R.C. 3937.21, seeking contribution and/or indemnification. Id. Lloyds answered, and filed its own declaratory action, seeking a finding of no coverage. Id.
 {¶ 4} Each side moved for summary judgment. Progressive I at ¶ 7. In autumn, 2004, the trial court denied Progressive summary judgment, and granted it to Lloyds *Page 3 
premised on an exclusion in the latter's policy. Id. at ¶ 7-8. Progressive appealed. Id. at ¶ 8. By an opinion filed March 24, 2006, we affirmed the trial court's denial of summary judgment to Progressive, but reversed its grant of summary judgment to Lloyds, and remanded. Cf. Id. at ¶ 38. Based on the recently announced decision of the Supreme Court of Ohio in Estate of Nord v. Motorists Mut. Ins. Co.,105 Ohio St.3d 366, 2005-Ohio-2165, we held a genuine issue of material fact existed as to whether the failure to return Mrs. Schmidt to her secured wheelchair constituted an intervening and supervening act of negligence, breaking the chain of causation commencing with driving the van into the ditch. Progressive I at ¶ 26-33.
 {¶ 5} On remand, the matter was scheduled for trial September 14, 2006, then reset for November 20, 2006. November 9, 2006, Progressive noticed the videotape depositions of Drs. Anschuetz and Rothenberg, both of whom had treated Mrs. Schmidt, for November 15, 2006. November 13, 2006, Lloyds moved to quash, asserting three bases for its motion: (1) the physician-patient privilege, set forth at R.C. 2317.02; (2) failure by Progressive to give Lloyds' counsel timely notice of the intended depositions; and, (3) failure by Progressive to disclose expert witnesses, in compliance with both Civ. R. 26(E)(1)(b) and the applicable local rule. November 14, 2006, Progressive moved to compel.
 {¶ 6} November 15, 2006, the trial court filed its judgment entry, denying Lloyds' motion to quash, and granting Progressive's motion to compel. In relevant part, the trial court found that Lloyds did not have standing to assert any physician-patient privilege subsisting between Drs. Anschuetz and Rothenberg and Mrs. Schmidt, and that Lloyds *Page 4 
failed to specify any undue hardship attendant upon attending the depositions. Lloyds noticed its appeal that same day, assigning one error:
 {¶ 7} "The Trial Court erred to the prejudice of Defendant-Appellant Certain Underwriters at Lloyds, London in overruling its Motion to Quash and granting Plaintiff-Appellee Progressive Preferred Insurance Company's Motion to Compel thereby requiring decedent Janet Schmidt's treating physicians to testify without a waiver of the physician-patient privilege as required by O.R.C. § 2317.02(B)."
 {¶ 8} The balance of Lloyds' arguments in support of the assignment of error go to the two jurisdictional issues presented: (1) whether the trial court's order is final and appealable; and (2) whether Lloyds has standing to prosecute the appeal. We find the second issue dispositive.
 {¶ 9} "It is well established in Ohio that the patient is the exclusive holder of the physician-patient privilege and third parties generally cannot assert the privilege on the patient's behalf. State v.McGriff (1996), 109 Ohio App.3d 668, 670 * * *. `(I)t is axiomatic, as a prudential standing limitation, that a party is limited to asserting his or her own legal rights and interests, and not those of a third party.'State v. Yirga, 3rd Dist. No. 16-01-24, 2002-Ohio-2832, at ¶ 38, citingWarth v. Seldin (1975), 422 U.S. 490, 499 * * *. In order to bring an action on behalf of a third party, three criteria must be satisfied:
 {¶ 10} "The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third *Page 5 
party's ability to protect his or her own interests.' (Internal citations omitted.) Powers v. Ohio, 499 U.S. 400, 411 * * *.
 {¶ 11} "In order to demonstrate an injury in fact, a party must be able to demonstrate that it has suffered or will suffer a specific injury traceable to the challenged action that is likely to be redressed if the court invalidates the action or inaction. In re Estate ofYork (1999), 133 Ohio App.3d 234, 241 * * *." Galbraith v. Medina, OhioFire Dept., 9th Dist. No. 05CA0051-M, 2006-Ohio-4410, at ¶ 5. (Parallel citations omitted.)
 {¶ 12} In this case, Lloyds attempted to assert the physician-patient privilege belonging to the late Mrs. Schmidt or her estate. Consequently, to have standing to appeal the trial court's order, it must meet each of the factors mentioned above.
 {¶ 13} In this case, we cannot identify any "injury in fact" that Lloyds will suffer if the depositions of Drs. Anschuetz and Rothenberg go forward. Lloyds argues vigorously that all persons attending will be subject to sanctions for violating both the physician-patient privilege, as codified at R.C. 2317.02(B)(1), and the Health Insurance Portability and Accountability Act ("HIPAA"). We respectfully disagree.
 {¶ 14} The Ohio statutory physician-patient privilege is waived if the patient, her representative, or estate, files a wrongful death or other civil action implicating the privilege. R.C. 2317.02(B)(1)(a)(iii). Thus, the privilege regarding Mrs. Schmidt was waived when her estate filed the action underlying this declaratory action. Second, since the privacy requirements of R.C. 2317.02(B)(1) are more extensive than those mandated by HIPAA, it is not preempted by the federal enactment. See, e.g., Grove v. Northeast Ohio Nephrology Assoc, Inc.,164 Ohio App.3d 829, 2005-Ohio-6914, at *Page 6 
¶ 18-23. HIPAA being inapplicable, we do not see how the parties or attorneys in this case could be penalized for violating it.
 {¶ 15} Lloyds lacking standing, the appeal is dismissed.
 {¶ 16} It is the further order of this court that appellant is taxed costs herein assessed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
DIANE V. GRENDELL, P.J., dissents with a Dissenting Opinion.