OPINION
{¶ 1} Defendant-appellant, Northern Heath Facilities, Inc., d.b.a. Maple Wood Care Centre, et al., appeals the judgment entry of the Portage County Court of Common Pleas, in which the trial court granted a Motion to Compel filed by plaintiff-appellee, *Page 2 
Darlene May, as the personal representative of the Estate of Twila Scott. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arises out of a suit filed by May against Maple Wood alleging that Maple Wood, by and through its employees, provided substandard care to Scott while she was a resident of their nursing home facility resulting in the serious injury and death of Scott. May requested the names and last known address of Scott's roommates from when she was a resident of Maple Wood Care Centre. Maple Wood refused to provide the information, whereupon May filed a Motion to Compel. After a hearing before a magistrate, the court ordered that Maple Wood "provide the Plaintiff, within 30 days, the name and current or last known address of all Twila Scott's roommates for November of 2004. If an individual is still in nursing care or is deceased that fact should be noted by the Defendants."
 {¶ 3} Maple Wood motioned to set aside the magistrate's order. The motion was denied by the court and the magistrate's order was adopted. Maple Wood subsequently filed this interlocutory appeal pursuant to R.C. 2505.02(B)(4).
 {¶ 4} Maple Wood timely appeals and raises the following assignments of error:
 {¶ 5} "[1.] Did the trial court err by ordering the discovery of protected health information of non-party nursing home residents in a nursing home negligence/wrongful death action?
 {¶ 6} "[2.] Did the trial court err when it failed to order plaintiff to take specific measures to safeguard the protected health information of non-party nursing home residents?"
 {¶ 7} The trial court has broad discretion in regulating the discovery process and, therefore, the trial court's decisions on discovery matters will not be reversed *Page 3 
absent an abuse of discretion. Mauzy v. Kelly Servs, Inc.,75 Ohio St.3d 578, 592, 1996-Ohio-265. Such a standard of review mandates affirming a trial court's decision absent a showing that the court acted unreasonably, unconscionably or arbitrarily. Berk v. Matthews (1990),53 Ohio St.3d 161, 169 (citations omitted). An appellate court may not substitute its judgment for that of the trial court. In re Jane Doe1 (1990), 57 Ohio St.3d 135, 137-138; Wescott v. Associated EstatesRealty Corp., 11th Dist. Nos. 2003-L-059 and 2003-L-060, 2004-Ohio-6183, at ¶ 17 (citations omitted). However, an appellate court's review of the interpretation and application of a statute is a question of law subject to de novo review. Akron v. Frazier, 142 Ohio App.3d 718, 721 (citation omitted). Since the trial court's decision involves a specific construction of law, we will review the decision de novo.
 {¶ 8} Maple Wood argues that the names and addresses of Scott's roommates do not fall within any of the statutory categories of permissible disclosure. Maple Wood further asserts that Scott's roommates have a statutory right to their privacy and the confidentiality of this information under R.C. 2317.02, the statute regarding privileged communications, and R.C. 3721.13, the statute pertaining to the rights of a nursing home resident.
 {¶ 9} Maple Wood claims that the issue should be analyzed under state law as opposed to federal law. Maple Wood maintains that federal law, specifically the Health Insurance Portability and Accountable Act of 1996 (HIPPA), does not preempt the state privacy laws because the state law is more stringent. We agree.
 {¶ 10} HIPPA contains a preemption provision found in45 C.F.R. 160.203 that states in pertinent part: "A standard, requirement, or implementation specification adopted under this subchapter that is contrary to a provision of State law preempts the *Page 4 
provision of State law. This general rule applies, except if one or more of the following conditions is met: * * * (b) The provision of state law relates to the privacy of individually identifiable health information and is more stringent than a standard, requirement, or implementation specification adopted under subpart E of part 164 of this subchapter."45 C.F.R. 160.203(b).
 {¶ 11} A State law is "more stringent" under the exception of 160.203(b) when "with respect to use or disclosure" of individually identifiable health information, "the law prohibits or restricts a use or disclosure * * * under which such use or disclosure otherwise would be permitted under this subchapter". 45 C.F.R. 160.202.
 {¶ 12} "R.C. 2317.02(B)(1) is more stringent because it prohibits use or disclosure of health information when such use or disclosure would be allowed under HIPPA. The HIPPA privacy regulation, found in45 C.F.R. 164.512, allows disclosure of protected health information in the course of any judicial or administrative proceeding in response to a court order * * * by subpoena, discovery request or by other lawful processes * * *." Grove v. Northeast Ohio Nephrology Assocs. Inc.,164 Ohio App.3d 829, 2005-Ohio-6914, at ¶ 22. Whereas R.C. 2317.02(B)(1) allows disclosure in a civil case only under very specific circumstances: patient waiver, consent by spouse or executor if patient is deceased, civil actions filed by the patient, or civil actions concerning court-ordered treatments. R.C. 2317.02(B)(1)(a)(i)-(iii); R.C. 2317.02(B)(1)(b). Therefore, since the state statute is more stringent than 45 C.F.R. 164.512, HIPPA does not preempt R.C. 2317.02(B)(1).Progressive Preferred Ins. Co. v. Certain Underwriters at Lloyd'sLondon, 11th Dist. No 2006-L-242, 2008-Ohio-2508, at ¶ 14. *Page 5 
 {¶ 13} The communication protected by privilege is broadly defined by R.C. 2317.02. Section (B)(1) mandates that a physician cannot testify "concerning a communication made to the physician * * * by a patient in that relation or the physician's * * * advice to a patient". The statute defines "communication" as "acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient." R.C. 2317.02(B)(5)(a). Further, a communication "may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis." Id. The Ohio Supreme Court has held that R.C. 2317.02 must be strictly construed. Weis v.Weis (1947), 147 Ohio St. 416, at paragraph four of the syllabus.
 {¶ 14} Maple Wood maintains that the names of Scott's roommates are protected communication and do not fall within any of the categories of permissible disclosure under the statute. Conversely, May asserts that the names of Scott's roommates are neither confidential nor heath information.
 {¶ 15} Jurisdictions presented with this question have held that the name and address alone are not confidential information protected by the statutory provision of privilege. A California Appellate Court held the identity of the patient "has no relation to treatment by the physician or, indeed, to the ailment of the patient. A physician need not know the name of the patient in order to treat him, and any unethical solicitation by an interloper is quite unrelated to information communicated to enable the physician to `prescribe or act for the patient.' Thus, the communication here presented is not *Page 6 
privileged." Ascherman v. Superior Court of San Francisco 1967, 254 Cal.App.2d 506, 516.
 {¶ 16} In the United States Court of Appeals for the District of Columbia, the court held that "[h]ospital records of diagnosis and treatment are usually held to be covered by statutes which * * * forbid physicians to disclose confidential information acquired while attending a patient in a professional capacity. But a properly authenticated record of the patient's name, address, age, etc., is admissible, provided there is no disclosure of diagnosis or treatment." Kaplan v.Manhattan Life Ins. Co., (C.A.D.C. 1939), 109 F.2d 463, 465 (footnote omitted). Furthermore, the Second District Illinois Court of Appeals has held that the name of a patient generally has no relation to the ailment or treatment and therefore is not privileged information. Geisberger v.Willuhn, (Ill.App. 1979), 390 N.E.2d 945, 437, and the cases cited therein.
 {¶ 17} In the Fourth Appellate District of Ohio, the court held that the plaintiff was not asking the defendant to "disclose something (1) he communicated to a physician or (2) a physician communicated to him. * * * Instead, [he] is asking for the disclosure of the names of [the defendant's] health care providers * * *. Hence, [his] request does not seek `communications' as that word is defined in R.C. 2317.02(B)(5)(a)."Ingram v. Adena Health Sys., 149 Ohio App. 3d 447, 2002-Ohio-4878, at ¶ 15. Consequently, the court found that the information requested was not privileged.
 {¶ 18} The names of Scott's roommates were not confidential medical information under statute insomuch as the names and addresses did not concern any facts, opinions, or statements necessary to enable a physician to diagnose, treat, prescribe, or act for a patient. Therefore, the names and addresses of Scott's roommates were not privileged information under R.C. 2317.02. *Page 7 
 {¶ 19} Additionally, Maple Wood claims that the information sought is protected under the Resident's Rights statute, R.C. 3721.13 which includes "[t]he right to confidential treatment of personal and medical records [and] the right to approve or refuse the release of these records to any individual outside the home". R.C. 3721.13(A)(10). We do not construe this right to include the denial of access to the names and addresses of potential material witnesses in a lawsuit. If Maple Wood provides the names and addresses of residents after receipt of a valid subpoena or court order, Maple Wood would not be guilty of violating the Resident's Rights statute.
 {¶ 20} Maple Wood's first assignment of error is without merit.
 {¶ 21} Maple Wood contends that the trial court erred by failing to adequately protect the use and subsequent distribution of protected health information. For the reasons stated above, the information disclosed was not protected health information under statute. Therefore, the trial court was under no obligation to protect the use or distribution of the information Maple Wood was ordered to provide.
 {¶ 22} Maple Wood's second assignment of error is without merit.
 {¶ 23} For the foregoing reasons, the Judgment Entry of the Portage County Court of Common Pleas, granting the Motion to Compel, is affirmed. Costs to be taxed against appellant.
COLLEEN MARY OTOOLE, J., concurs,
TIMOTHY P. CANNON, J., concurs with Concurring Opinion. *Page 8