[Cite as *Mayor v. Regina Health Ctr.*, 2024-Ohio-4475.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| WILLIAM MAYOR | | C.A. No. 30354 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| REGINA HEALTH CENTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2020-08-2212 |

DECISION AND JOURNAL ENTRY

Dated: September 11, 2024

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant Regina Health Center ("Regina") appeals from the judgment of the Summit County Court of Common Pleas which granted, in part, Plaintiff-Appellee William Mayor's ("Mayor") motion to compel discovery. Because Regina has not demonstrated that the trial court ordered the production of personal and confidential medical records, we affirm the trial court's judgment.

I.

{¶2} In August 2020, Mayor filed a complaint against Regina alleging: (1) age discrimination in violation of R.C. 4112.14 and R.C. 4112.99; (2) disability discrimination in violation of R.C. 4112.01, et seq.; and (3) violation of Ohio Public Policy. Mayor was employed by Regina as a licensed State Tested Nurse's Aide ("STNA") from 1994 until his resignation on February 5, 2019. Mayor's complaint also alleged that on or about the same day, Regina terminated

Mayor from his employment for failure to comply with Regina's standards of care and failure to follow the conduct and work rules outlined in its employee handbook.

{¶3} The parties engaged in discovery. Mayor propounded Interrogatories and a Request for Production of Documents upon Regina. The discovery requests relevant to this appeal are Interrogatory No. 21 and Document No. 26.

{¶4} Interrogatory No. 21 asked Regina to "[i]dentify the name, address and telephone number of the resident referenced in paragraphs 43-46[]" of the complaint. Paragraphs 43-46 include a reference to the resident's alleged toileting issues and a claim that "[Mayor ]was told that the resident no longer wanted [Mayor] to care for her."  Regina alleges that paragraphs 43-46 also refer to the resident's diminished mental capacity. However, our review of the complaint revealed that the reference to "diminished mental capacity" is in paragraph 47 and is not the subject of Interrogatory No. 21. Regina objected to Interrogatory No. 21 on the grounds that it sought information that was privileged and protected by the Health Insurance Portability and Accountability Act ("HIPAA") (federal law restricting access to private medical information), R.C. 2317.02 (Ohio statute recognizing physician-patient privilege), and R.C. 3721.13 (Ohio's Nursing Home Patient Bill of Rights).

{¶5} Mayor's Document Request No. 26 asked that Regina produce "[a]ny and all documentation identifying and containing the contact information for the residents and guests that were witnesses, parties to, or the subjects of the incidents, events and disciplinary actions described in the Complaint." Regina objected on the grounds that it sought private information that is privileged and protected by HIPAA, R.C. 2317.02, and R.C. 3721.13.

{¶6} Mayor moved to compel Regina to respond. Regina filed a brief in opposition. Only Part C of Regina's brief in opposition addressed Interrogatory No. 21 and Document Request No.

26. Regina's arguments in Part C were limited to an analysis under R.C.2317.02, R.C. 3721.13(A)(10), and certain cases construing these statutes.

{¶7} The trial court issued an order granting in part, and denying in part, Mayor's motion to compel. As relevant to this appeal, the trial court ordered as follows:

> The court does not find that the identities and contact information of other patients in [Regina's] facility is protected from disclosure under R.C. 3721.13(A)(10). *See May v. N. Health Facilities Inc.*, 11 Dist. Portage No. 2008-P-0054, 2009-Ohio-1442. [Regina] shall provide responses to Interrogatory No. 21 and Document Request Nos. 9 and 26[.]

{¶8} Regina timely appealed and asserts two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN ITS MAY 31, 2022 "ORDER' COMPELLING DEFENDANT-APPELLANT, REGINA HEALTH CENTER, TO PRODUCE INFORMATION CONCERNING THE IDENTITIES AND CONTACT INFORMATION OF THE PATIENTS IN [REGINA'S] NURSING HOME FACILITY BECAUSE THIS INFORMATION IS PRIVILEGED AND PROTECTED FROM DISCLOSURE UNDER OHIO STATUTORY LAW AS SET FORTH IN R.C. 2317.02 AND R.C. 3721.13(A)(10) AND (11); PRIVILEGED UNDER FEDERAL LAW AS SET FORTH IN THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA") PUB. L. 104-191, 110 STAT. 1936, AND THE CORRESPONDING "PRIVACY RULES" FOUND IN THE CODE OF FEDERAL REGULATIONS AS SET FORTH IN 45 C.F. R. SUBTITLE A, SUBCHAPTER C, PART 164, SUBPART E, 164.500 ET SEQ.; AND PRIVILEGED TO THE EXTENT HIPAA IS INCORPORATED INTO OHIO LAW BY R.C. 3798.01 ET SEQ., AND IS CONFIDENTIAL AND PROTECTED FROM DISCLOSURE UNDER OHIO COMMON LAW.**

{¶9} Regina challenges the court-ordered disclosure of the identity and contact information of the resident referred to in paragraphs 43-46 of the complaint (Interrogatory No. 21) and the production of all documentation identifying and containing the contact information for the residents who were "witnesses, parties to, or the subjects of the incidents, events and disciplinary

actions described in the Complaint." (Document No. 26). The trial court resolved the motion to compel with respect to these documents under R.C. 3721.13(A)(10). Accordingly, this Court's discussion is limited to that statute as well.

{¶10} "Ordinarily, a discovery dispute is reviewed under an abuse-of-discretion standard. However, if the discovery issue involves an alleged privilege…it is a question of law that must be reviewed de novo." (Citations omitted.) *Ward v. Summa Health Sys.,* 2010-Ohio-6275, *¶* 13. Furthermore, cases such as this one involving the interpretation of a statute are a matter of law that an appellate court also reviews under a de novo standard. *Akron Centre Plaza, L.L.C v. Summit Cty. Bd. of Revision,* 2010-Ohio-5035, *¶* 10. Therefore, our review of this matter is de novo.

{¶11} Ohio's Nursing Home Patient Bill of Rights is codified in R.C. 3721.13 and protects the disclosure of personal and medical records of nursing home residents without first being approved by the resident. R.C. 3721.13 provides in relevant part:

> (A) The rights of residents of a home shall include, but are not limited to, the following:
> …
>
> (10) The right to confidential treatment of personal and medical records, and the right to approve or refuse the release of these records to any individual outside the home, except in case of transfer to another home, hospital, or health care system, as required by law or rule, or as required by a third-party payment contract[.]
>
> …

{¶12} In *May,* 2009-Ohio-1442 (11th Dist.), which the trial court cited in its order, the plaintiff was the personal representative of the estate of the decedent, a former resident of defendant nursing home. Plaintiff alleged that the nursing home provided substandard care to the decedent that resulted in serious injury and death. *Id.* at *¶* 2. During discovery, after the nursing home refused to provide plaintiff with the names and last known address of the decedent's

roommates, plaintiff filed a motion to compel which the trial court granted. *Id*. On appeal, the Eleventh District concluded that:

> The names of [the appellant's] roommates were not confidential medical information under [R.C. 2317.02] insomuch as the names and addresses did not concern any facts, opinions, or statements necessary to enable a physician to diagnose, treat, prescribe, or act for a patient. Therefore, the names and addresses of [the appellant's] roommates were not privileged information under R.C. 2317.02.

*Id*. at ¶ 18. The *May* court also rejected the nursing home's claims that the information was protected under R.C. 3721.13(A)(10), concluding:

> We do not construe this right to include the denial of access to the names and addresses of potential material witnesses in a lawsuit. If [the nursing home] provides the names and addresses of residents after receipt of a valid subpoena or court order, [it] would not be guilty of violating [R.C. 3721.13(A)(10)].

*Id* at ¶ 19.

{¶13}  Regina's arguments on appeal are limited. Specifically, Regina makes no argument as to Document Request No. 9 that was also included in the trial court's order. Regina claims that Interrogatory No. 21 seeks disclosure of privileged medical information because it references the resident described in paragraphs 43-46 of the complaint as having "toileting" issues. Regina claims that Document No. 26 necessarily reveals that those residents are receiving nursing care. With respect to the aspects of the motion to compel that Regina has challenged, we agree with the holding in *May*. The information sought in Interrogatory No. 21 and Document Request No. 26 does not consist of "personal or medical records" that must be confidential under R.C. 3721.13(A)(10).  Specifically, the requested information does not "concern[] any facts, opinions, or statements necessary to enable a physician to diagnose, treat, prescribe, or otherwise act for a patient[,]" R.C. 2317.02(B)(5)(a), nor would it reveal individual medical conditions or health information. The only information requested was names, addresses, and contact information.

While Mayor's complaint characterized the resident in Interrogatory No. 21 as "required toileting," the interrogatory itself only asked for identifying information of this resident and did not reference "toileting" or a diagnosis or any treatment that resulted from a physician-patient communication or health record as contemplated in R.C. 3721.13(A)(10). Instead, the "required toileting" reference was Mayor's description of that resident in the complaint.

{¶14} Accordingly, based on the foregoing, we conclude that the trial court did not err by concluding that the identities and contact information of the other patients in Regina's facilities are protected from disclosure under R.C. 3721.13(A)(10) and compelling Regina to respond to Interrogatory No. 21 and Document Request No. 26 on that basis. Regina's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN ITS MAY 31, 2022 "ORDER' COMPELLING DEFENDANT-APPELLANT, REGINA HEALTH CENTER, TO PRODUCE INFORMATION CONCERNING THE IDENTITIES AND CONTACT INFORMATION OF THE PATIENTS IN [REGINA'S] NURSING HOME FACILITY BECAUSE THIS INFORMATION IS SUBJECT TO THEIR RIGHT OF PRIVACY UNDER OHIO NURSING HOME RESIDENTS' BILL OF RIGHTS, R.C. 3721.13(A)(11), AND OHIO COMMON LAW.**

{¶15} Here, Regina argues that the trial court's order requiring disclosure of the identities and contact information of patients at Regina violates their privacy rights under R.C. 3721.13(A)(11) and Ohio common law. R.C. 3721.13(A)(11) provides that the "rights of residents of a home shall include, but are not limited to,… the right to privacy during medical examination or treatment and in the care of personal or bodily needs[.]" Regina did not make these arguments in the trial court, however, and this Court declines to address them in the first instance. *See Haven v. Lodi*, 2022-Ohio-3957, ¶ 24 (9th Dist.).

III.

{¶16} Based on the foregoing, Regina's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

BETH A. SEBAUGH and JONATHAN A. GOOD, Attorneys at Law, for Appellant.

NATALIE GRUBB and MARK E. OWENS, Attorneys at Law, for Appellee.